## ARRINGTON *et al v.* TUPPER.

To a complaint verified, the defendant filed a copy of the original verified answer by mistake; parties took depositions under the pleading, and subsequently went to trial. After the close of the plaintiff's evidence, his counsel, then, for the first time, brought the mistake to the notice of the Court, by moving for judgment by default, which motion the Court sustained, and refused to allow defendant to then verify his answer: *Held*, that the Court erred, and should have allowed the defendant to have verified his answer.

APPEAL from the District Court of the Ninth Judicial District, County of Siskiyou.

The facts sufficiently appear in the opinion of the Court.

*Crosbey and Steel* for Appellant.

*Winans* for Respondents.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

In this case, the error in filing the answer, which was a copy of the original verified answer, appears to have been the result of excusable mistake, which the opposite party seems to have encouraged, or, at least, the plaintiffs did not avail themselves of

this mistake until after the case was opened to the jury, and too late to enable the defendant to correct the error in time for the trial; for it is shown that after the filing of the answer, the plaintiffs gave defendant's counsel notice to take depositions, and depositions were taken in pursuance of the notice, and no intimation was given, until the case was put to the jury, of any intention to take advantage of any defect in the answer.

We think, on the whole facts set forth, that the Court should have permitted the answer to be verified and filed, and that the refusal to do this, under the circumstances, was such an abuse of its discretion as to require us to reverse its judgment and grant a new trial.

Judgment reversed, and cause remanded to the Court below, with instructions to permit the answer to be filed, as requested by defendant.