### GALLARDO v. UNITED STATES.

(District Court, E. D. Oklahoma. April 14, 1925.)

No. 4360.

1. **Army and navy ⊜51½, New, vol. 12A Key-No. Series—War risk insurance held to date from time of entry into the service.**

Under War Risk Insurance Act, § 401, as added by Act Oct. 6, 1917, § 2 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514uu), where a soldier inducted into the service September 4, 1918, made application for insurance within 120 days thereafter and while still in the service, his insurance related back to the time of his entry and covered an injury and disability which occurred between that time and the date of his application.

2. **United States ⊜125—Jurisdiction of District Court of claim for war risk insurance attaches only on denial by bureau.**

Under the World War Veterans' Act June 7, 1924, § 19, and the regulations thereunder, a District Court is given jurisdiction of a suit against the United States on a contract of war

risk insurance only after the claim has been denied by the Director of the Bureau or the United States Veterans' Bureau.

At Law. Action by Joe Gallardo, by his guardian, Tessie Edge, against the United States. On demurrer to petition, motion for judgment on the pleadings, and objection to jurisdiction. Demurrer and motion overruled. Objection to jurisdiction sustained, and action dismissed without prejudice.

Geo. B. Reinhardt, of Kansas City, Mo., for plaintiff.

O. H. Graves, Asst. U. S. Dist. Atty., of Muskogee, Okl., and L. A. Lawlor, of Washington, D. C., for the United States.

WILLIAMS, District Judge. Plaintiff was inducted into service on September 4, 1918, and made application for his insurance on October 7, 1918, within 120 days from the date of enlistment.

[1] Section 401 of article 4 of the War Risk Insurance Act, as added by Act Oct. 6, 1917, § 2 (40 Stat. 409 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514uu]), is as follows:

"That such insurance must be applied for within one hundred and twenty days after enlistment or after entrance into or employment in the active service and before discharge or resignation, except that those persons who are in the active war service at the time of the publication of the terms and conditions of such contract of insurance may apply at any time within one hundred and twenty days thereafter and while in such service. Any person in the active service on or after the sixth day of April, nineteen hundred and seventeen, who, while in such service and before the expiration of one hundred and twenty days from and after such publication, becomes or has become totally and permanently disabled or dies, or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each. If he shall die either before he shall have received any of such monthly installments or before he shall have received two hundred and forty of such monthly installments, then $25 per month shall be paid to his wife from the time of his death and during her widowhood, or to his child, or widowed mother if and while they survive him: Provided, however, that not more than two hundred and forty of such monthly installments, including those received by such person during his total and permanent disability, shall be so paid; and

in that event the amount of the monthly installments shall be apportioned between them as may be provided by regulations."

By Act Dec. 24, 1919, § 12 (41 Stat. 374 [Comp. St. Ann. Supp. 1923, § 514uu]), said section was amended so as to read as follows:

"Sec. 401. That such insurance must be applied for within one hundred and twenty days after enlistment or after entrance into or employment in the active service and before discharge or resignation, except that those persons who are in the active war service at the time of the publication of the terms and conditions of such contract of insurance may apply at any time within one hundred and twenty days thereafter and while in such service: Provided, that any person in the active service on or after the 6th day of April, 1917, and before the 11th day of November, 1918, who while in such active service made application for insurance after the expiration of more than one hundred and twenty days after October 15, 1917, or more than one hundred and twenty days after entrance into or employment in the active service, and whose application was accepted and a policy issued thereon, and from whom premiums were collected, and who becomes or had become totally and permanently disabled, or dies or has died, shall be deemed to have made legal application for such insurance and the policy issued on such application shall be valid. Any person in the active service on or after the 6th day of April, 1917, and before the 11th day of November, 1918, who, while in such service, and before the expiration of one hundred and twenty days after October 15, 1917, or one hundred and twenty days after entrance into or employment in the active service, becomes or has become totally and permanently disabled, or dies or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each; and any person inducted into the service by a local draft board after the 6th day of April, 1917, and before the 11th day of November, 1918, who, while in such service, and before being accepted and enrolled for active military or naval service, becomes or has become totally and permanently disabled, or dies or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each. If he shall die either be-

fore he shall have received any of such monthly installments or before he shall have received two hundred and forty of such monthly installments, then $25 per month shall be paid to his widow from the time of his death and during her widowhood; or if there is no widow surviving him, then to his child or children; or if there is no child surviving him, then to his mother; or if there be no mother surviving him, then to his father, if and while they survive him: Provided, however, that no more than two hundred and forty of such monthly installments, including those received by such person during his total and permanent disability, shall be so paid. The amount of the monthly installments shall be apportioned between children as may be provided by regulations: Provided further, that each officer and enlisted man attached to the United States ship Cyclops of the 4th day of March, 1918, and every officer and enlisted man who on said date was a passenger on said vessel shall be deemed to have been granted insurance in the sum of $5,000 permitted under the War Risk Insurance Act."

Congress did not intend to provide for protection under the contingencies contained in the different provisos in said section and leave no protection for plaintiff who enlisted on September 5, 1917, and made application for insurance on October 7, 1917, within 120 days, and receiving an injury and disability whilst in service during the intervening time. The legislative interpretation is favorable to plaintiff's contention that when he was granted insurance on his application within the 120 days, it related back to the date of his enlistment.

The defendant, the United States of America, has interposed not only a demurrer to plaintiff's petition, but also a motion for judgment on the pleadings, raising the question that no liability exists under said policy for any disability occurring after enlistment but prior to time of application for such insurance, though made within 120 days from date of enlistment. Said demurrer and motion, each, are overruled.

[2] The defendant further insists that this court has no jurisdiction of this action. Section 19, World War Veterans' Act June 7, 1924 (43 Stat. 612), provides:

" * * * That in the event of disagreement as to claim under a contract of insurance between the bureau and any beneficiary or beneficiaries thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such beneficiaries or any one of them resides. * * *"

See Cassarello v. U. S. (D. C.) 265 F. 326.

Under the statutes and rules promulgated pursuant thereto, this claim must be denied by the Director of the Bureau of War Risk Insurance or the United States Veterans' Bureau before this action may be maintained against the defendant, which does not appear to have been done. See Helmholz v. Horst (C. C. A.) 294 F. 417.

This action is therefore dismissed, without prejudice.