## MANKE v. UNITED STATES.
### CANDEE v. SAME.
### Nos. 6034, 6036.

Circuit Court of Appeals, Ninth Circuit.

March 10, 1930.

Frederic C. Benner and Alvin Gerlack, both of San Francisco, Cal., for appellants.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., and Hubert Wyckoff, Jr., Asst. U. S. Atty., of Santa Cruz, Cal.

Before DIETRICH and WILBUR, Circuit Judges, and ST. SURE, District Judge.

DIETRICH, Circuit Judge.

In respect of the single question presently involved, the two above-entitled cases are identical. In each the plaintiff seeks to recover upon a war risk insurance policy. Actions of this character against the government are authorized by section 19 of the Act of June 7, 1924, 43 Stat. 612, as amended by the Act of March 4, 1925, § 2, 43 Stat. 1302, which provision constitutes section 445 of 38 USCA. The pertinent language of the section as codified is: "In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. The procedure in such suits shall be the same as that provided in sections 762 and 763 of Title 28 [USCA], and section 765 of Title 28 [USCA] in so far as applicable."

A "disagreement" must arise before an action can be brought, or, in other words, such a "disagreement" constitutes a condition precedent to the right to institute and maintain an action, and for that reason is jurisdictional. United States v. Lyke (C. C. A. 9th) 19 F.(2d) 876. Accordingly, as is the common practice in such cases, the plaintiff in each of these suits expressly alleged such a disagreement. The complaints were verified, but the answers filed by the district attorney, which denied each and every allegation of the complaints, were unverified. Without challenging the sufficiency of the answers in this respect by motion or otherwise, plaintiffs went to trial and raised the question for the first time in response to defendant's motions for nonsuits. They not only failed to prove that a disagreement existed, but it is in effect conceded that in fact there had been no such disagreement. In that state of the record the court below granted motions for nonsuits and entered judgments of dismissal for the reason that no disagreement had been shown.

The position of the appellants is that it was within the competence of the district attorney to waive the requirement of "dis-

agreement"; that under the Code of Civil Procedure of California, where the complaint is verified, the answer thereto must also be verified; that, by the conformity section of the United States statutes (28 USCA § 724), the practice in such a case must follow the state practice; that therefore the unverified answers were nullities; and that the existence of a disagreement must be taken as admitted. No decision of the Supreme Court of California upon the point has come under our observation, and independently we would be inclined to construe the state statutes as not requiring verification of a pleading interposed by a state, here United States, or any one of its officers. But, however that may be, and assuming but not deciding that the district attorney has any such power of waiver, we are of the opinion that appellants' final conclusion would not follow under the California practice. For obvious reasons a pleading with a defective verification, or none at all, should not be treated as a nullity. One who goes to trial, apparently upon the theory of issues duly joined, will not afterwards be heard to say that there were no issues, merely because an answer, otherwise sufficient and in due form, is not properly verified. See Arrington v. Tupper, 10 Cal. 464; Chalmers v. Sheehy, 132 Cal. 459, 64 P. 709, 84 Am. St. Rep. 62; Hill v. Nerle, 29 Cal. App. 473, 156 P. 981; In re Spinks Drug Co. (D. C.) 298 F. 307; Eckerson v. Tanney (D. C.) 235 F. 415; Griswold v. Bacheller (C. C.) 77 F. 857.

Moreover, it will be noted that in the excerpt above quoted from 38 USCA § 445, it is directed that "the procedure in such suits shall be the same as that provided in sections 762 and 763 of Title 28," etc. Section 763 so referred to provides that, "should the district attorney neglect or refuse to file the plea, answer, demurrer, or defense, as required, the plaintiff may proceed with the case under such rules as the court may adopt in the premises; but the plaintiff shall not have judgment or decree for his claim, or any part thereof, unless he shall establish the same by proof satisfactory to the court." Manifestly, therefore, it cannot be said that anything was effectually waived by the district attorney's failure to verify his answers, even if all other contentions made by the appellants were conceded. That being true, we need not further consider the extent of the district attorney's power or authority to bind the government either by act or omission. Appellants have presented an elaborate argument based upon decisions holding that a party to a suit may waive objections to jurisdiction of the person or relinquish his statutory right to a particular venue, but we are unable to see the relevancy of the principles or rules involved in such cases.

The judgments are affirmed.