## CARSON v. UNITED STATES.
### No. 717.

District Court, D. Idaho, E. D.
April 16, 1930.

Rex Kimmell and B. A. Green, both of Portland, Or., for plaintiff.

H. E. Ray. U. S. Dist. Atty., and Ralph R. Breshears, Regional Attorney, U. S. Veterans' Bureau, both of Boise, Idaho, for the United States.

CAVANAH, District Judge.

The demurrer to the original complaint was sustained [(D. C.) 37 F.(2d) 946] upon the ground that the action was not commenced within the time required by the federal statute. Plaintiff then filed an amended complaint, alleging that on August 20, 1929, the manager of the United States Veterans' Bureau at Boise, Idaho, addressed a letter to plaintiff at Shelley, Idaho, in which he disagreed with plaintiff and disallowed the claim; that Shelley, Idaho, is a distance of approximately 250 miles by rail from Boise; and that the letter was received by plaintiff at Shelley on August 25, 1929, who then transmitted it to one of his attorneys at Portland, Or. Thereafter, on September 6, 1929, the complaint was filed in this action. The further allegation is made that on August 20, 1929, there was in force in Idaho section 7201 of the Idaho Compiled Statutes, which provides that in case of service by mail the notice must be deposited in the post office addressed to the person on whom it is to be served at his place of residence or office, and when so done the service is complete at the time of the deposit, but if within a given number of days after such service a right may be exercised or an act is to be done by the adverse party, the time within which such right may be exercised or act to be done is extended one day for every 25 miles distance between the place of deposit and the place of address, and such extension shall not in all exceed thirty days. This statute is set forth in the amended complaint for the purpose of showing that plaintiff had an extension of time of one day for each 25 miles distance between Boise and Shelley, and if applicable the plaintiff would have ten days' extension from the expiration of the twelve days he had under the federal statute (38 USCA § 445) to commence his action, which would be ten days from the expiration of the 1st of September, 1929, and as the suit was commenced on September 6, 1929, the same was brought within the time.

There is a serious question whether this state statute applies. But however that may be, we find that in February, 1929, the Idaho Legislature amended this statute by allowing only 100 miles for each day distance between the place of deposit by mail and the residence or office address of plaintiff, which would be not to exceed three days of extension of time in the present case for the 250 miles distance. See Idaho Sess. Laws 1929, page 140. Adding then the three days to the time when plaintiff was required under the federal statute to commence his action, the action should have been commenced before the expiration of September 4, 1929, and as it was not brought until September 6, 1929, it seems clear from the face of the amended complaint that the action was not instituted within the time required by the amendatory act of Congress, and therefore the demurrer to the amended complaint must be sustained.