BERNTSEN v. UNITED STATES.

No. 6100.

Circuit Court of Appeals, Ninth Circuit.

June 16, 1930.

Rehearing Denied June 20, 1930.

664

Alvin Gerlack, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and H.·A. Van Der Zee and Hubert Wyckoff, Jr., Asst. U. S. Attys., all of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

 Appellant brought this action to recover on a war-risk insurance policy issued to him in 1917 upon which he paid the premiums until January, 1922. The appellant alleged that before this insurance lapsed by reason of the nonpayment of premiums, to wit, on January 31, 1922, he became, and ever since has been, totally and permanently disabled. He seeks to recover the monthly installments payable on such war-risk insurance from the date of his disability in January, 1922, to date. Appellant alleged in his complaint that he had made an application to the Veterans' Bureau for the payment of said insurance, and the director thereof had refused to pay appellant, and that the director disputed said claim of appellant, and disagreed with him as to his right to the same. This allegation was denied, and for failure to prove the same a nonsuit was granted, from which this appeal is taken. The only proof tendered to show such disagreement was objected to by the appellee and the objection sustained. The refusal to receive this evidence is assigned as error, and is urged upon appeal as the sole ground for reversal of the judgment of nonsuit. It is conceded that until disagreement was shown appellant would have no right to proceed upon his claim in court. Manke v. U. S. (C. C. A.) 38 .F.(2d) 624; 38 USCA § 445, 43 Stat. 1302.

On the 28th of February, 1929, the appellant executed and verified a claim on form No. 579, United States Veterans' Bureau Adjudication Service. Without setting forth the entire document, it is sufficient to say that, while the blank utilized in making out this claim is entitled "Claim for Insurance— Permanent Total Disability," it was also headed in typewriting, "Application for Re-

instatement Under Section 305—C—1, 396,-545." The appellant therein stated he believed himself entitled to receive monthly payments of insurance granted by the United States to him "under certificate or policy number Reinstatement Section 305, on account of permanent total disability resulting from tuberculosis. In support of my claim to such insurance I make the following statement as true to the best of my knowledge and belief: * * *

"9. Date disability began. Received.

"10. Cause of disability. Feb. 24, 1924.

"11. Where received. Awards Unit No. 43. * * *

"13. Name and address of physicians who have attended you since your disability began. No answer. * * *

"17. Give number of any compensation claim filed on account of this disability and place where filed. C—1, 396,545."

The following letter in reply thereto was offered in evidence:

"Dear Sir: Your application for insurance alleging permanent and total disability has been forwarded to this office by the Regional Manager U. S. Veterans Bureau, San Francisco, California, who has also furnished a copy of the rating made in that office under date of February 7, 1929, showing that you have been permanently and totally disabled since October 1, 1928.

"You are advised, however, that the records of this office show that your War Risk Term Insurance lapsed for non-payment of premium due March 1, 1922, and that no attempt was ever made to reinstate and convert this insurance.

"The World War Veterans' Act, as amended July 2, 1926, provides that there shall be no term insurance after July 2, 1927. It is regretted, therefore, that there was no term insurance in existence at the time you became permanently and totally disabled, and it will therefore be impossible to consider your application under section 305 of World War Veterans' Act as amended. By direction, H. H. Milks, Chief Awards Division."

 Section 305 of the World War Veterans' Act referred to in the application or claim and in the reply thereto (38 USCA § 516) provides for payment of policies notwithstanding nonpayment of premium, where during the existence of the policy the veteran was entitled to compensation which he had not collected in an amount sufficient to pay the premiums upon such policy, or, in the event such payments were insufficient to

pay the whole premium, then he was to be paid such amount as the uncollected compensation would purchase if applied as premiums. The appellant claims that the application, or claim, filed by him was not one which could have been allowed under section 305; that section 305 provided for a revival of lapsed insurance and not a reinstatement. It is manifest that under section 305 a veteran who has become totally and permanently disabled is entitled to payment under his war-risk insurance if he has failed to collect compensation due him sufficient to pay the premium thereon. Undoubtedly the application of the appellant for payment of his policy under section 305 would have been a proper one if the claim showed that there was sufficient compensation due the applicant as therein provided. The real difficulty presented by the record in the case at bar was the fact that the claim presented to the court for adjudication has never been presented to the Bureau. There was no allegation in the claim to the Department that the appellant had been totally and permanently disabled from and after January 31, 1922, and no claim that such disability arose before the policy lapsed.

In stating the date disability began, no date is given, unless we accept the date written in the line below, February 24, 1924, as the date intended. In the blank for names and addresses of physicians who attended applicant since his disability began, no names are inserted. There is, therefore, nothing on the face of the claim to assert or even intimate that the disability complained of occurred before the 31st of January, 1922. The claim made by the appellant in the suit at bar is not based upon the fact that the appellant is permanently and totally disabled. There is no disagreement between the Bureau and the appellant on that subject. It was conceded by the Bureau that from and after October 1, 1928, appellant was totally and permanently disabled. The appellant's claim presented to the court is based entirely upon the allegation that the permanent and total disability occurred while appellant's war-risk insurance was still in effect. No such claim was presented to the Bureau. Therefore there was no disagreement between the claimant and the Bureau thereon. A necessary prerequisite to the maintenance of an action upon such a claim is the presentation of that claim to the Bureau for adjustment and adjudication and a rejection by the Bureau of the claim so made. It is the issue thus raised between the claimant and the Bureau which Congress has authorized to be presented to a court for adjudication. Where no claim is made, there can be no issue, and hence no disagreement. It is clear from the above-quoted letter of the Bureau that its rejection of the claim made by the appellant was based upon the theory that he was totally and permanently disabled from and after October 1, 1928. If the appellant had presented a claim such as he now presents to the court for determination by the Bureau as to whether or not he was entitled to monthly payments under his War Risk Insurance by reason of total and permanent disability occurring during the life of the policy, the reply of the Bureau herein might appropriately be considered a rejection of that claim because it fixed a later date for the accrual of the total and permanent disability. In one sense there is a disagreement between the claimant and the Bureau manifest by the contention now advanced by the applicant that his total and permanent disability occurred over six years before the date fixed by the Department. Such a disagreement so manifested, however, cannot justify the inauguration or maintenance of this suit, because the purpose of Congress in enacting the legislation herein relied upon by the appellant was to give the government, through its Veterans' Bureau, an opportunity to fully consider and pass upon the claim before a submission of the claim to a court was permitted. The disagreement contemplated by the statute must be a rejection by the government through the Bureau of the very claim which the applicant later presents by his suit.

Judgment affirmed.