## UNITED STATES v. BURLEYSON.
### No. 6167.

Circuit Court of Appeals, Ninth Circuit.
Oct. 27, 1930.

Rehearing Denied Nov. 10, 1930.

Geo. J. Hatfield, U. S. Atty., and Hubert Wyckoff, Jr., and H. A. Van Der Zee, Asst. U. S. Attys., all of San Francisco, Cal.

John L. McNab and S. C. Wright, both of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal by the United States from a judgment against it on a policy of war risk insurance. The sufficiency of the evidence to support the verdict and judgment was challenged in the court below on two grounds: First, because there was no competent evidence tending to show a disagreement between the Bureau and the appellee as to the claim of the latter under his contract of insurance; and, second, because the evidence was insufficient in law to support the claim of permanent and total disability.

The United States, like every other sovereign, has a right to prescribe the terms and conditions upon which it may be sued, and, in an action such as this, a disagreement between the Bureau and the insured is a jurisdictional prerequisite. Manke v. United States (C. C. A.) 38 F.(2d) 624; Bernsten v. United States (C. C. A.) 41 F.(2d) 663. The only evidence as to such a disagreement was the following:

"The date I applied for compensation was December 14, 1926; I asked at the same time a member of the Board about insurance benefits, and he said you would have to be totally disabled at the time before you could get it. That is what I was told. December 14, 1926, is the first time that I made any claim of any character for compensation insurance or any other relief from the government; the man on the Rating Board turned me down; I don't know his name; he was on Rating Board No. 3. I have never received any communication from the Director of the United States Veterans' Bureau denying any claim of mine for war risk insurance benefits."

Again: "I made a demand for my war risk insurance payments; I asked a member of the Rating Board; when I say 'the Board' I mean the Rating Board of the Veterans' Bureau. I do not remember the names of any of those men; it was Rating Board No. 3. I did not make any written application for those payments. I never received from the Rating Board or anybody else a written statement of their denial of my claim for insurance benefits; I asked them and

they told me it was no use; I did not receive any written denial. I never received any communication, written or otherwise, from the Director of the Veterans' Bureau with respect to my war risk benefits."

General Order No. 387, promulgated June 6, 1929, delegates authority to regional managers to effect final denial of claims for insurance benefits, in accordance with the provisions of that order, but prior to that time, so far as we are advised, authority to effect such denial was vested in the Director of the Bureau alone. At least, our attention has not been directed to any provision of law, or any regulation promulgated by the Director, vesting any such authority in a rating board, or an individual member of such board, and, upon independent investigation, we have found none. The court below was therefore without jurisdiction; and, under such circumstances, any discussion of the merits by this court would be out of place.

The judgment is reversed.

On Petition for Rehearing.

PER CURIAM.

In the original briefs in this case, and on the argument before this court, no reference was made by either party to any regulation respecting a denial of claims for insurance, or a disagreement between the Bureau and the insured in relation to such claims. In the opinion, we referred to General Order No. 387, promulgated June 6, 1929, which delegates authority to regional managers to effect final denial of claims for insurance, and stated that, so far as we were advised, authority to effect such denial was prior to that time vested in the Director of the Bureau alone. Upon rehearing, our attention has been directed to certain regulations which did confer authority on rating boards to pass upon claims for insurance, with a right of appeal from an adverse decision. Whether a denial by a rating board, without appeal, can be made the basis for an action in the federal courts, or whether it was the intent of Congress to require parties claiming insurance to first exhaust their remedy before the executive department before resorting to the courts, we need not inquire, because it is only too manifest that, whatever the power or jurisdiction of the rating board may have been, the informal conversation set forth in the original opinion, between the insured and a single member of such board, could under no circumstances be construed as a denial of the claim for insurance by a board consisting of three members, two of whom probably never heard of the claim in suit.

The petition for rehearing is therefore denied.