## SMITH v. UNITED STATES, and four other cases.

### Nos. 301, 302, 304, 315, 318.

District Court, S. D. Iowa, W. D.

Oct. 21, 1931.

H. P. Finerty and D. E. Stuart, both of Council Bluffs, Iowa, for plaintiffs Smith, Noyes, and Jensen.

Andrew Bell and C. I. Level, both of Denison, Iowa, and Salinger, Reynolds & Meyers, of Carroll, Iowa, for plaintiffs Brink and Van Fleet.

Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa.

DEWEY, District Judge.

The foregoing suits are what have come to be known as war risk insurance cases. In each case the suit was instituted by a former soldier in the military forces during the World War for recovery on a war risk insurance policy issued to him while in the service, and wherein claim is made that the soldier was, while the policy was in force, permanently and totally disabled, and recovery is sought under the terms of the respective insurance policies in each case.

The controversy here at issue is whether this court has jurisdiction to hear and determine the issues raised by the pleadings.

The defendant in each case was permitted to and did withdraw its answer filed in order to raise the jurisdictional question in each case, and thereupon filed a motion to dismiss on the ground that the court was without jurisdiction to hear the action, for the reason that at the time the suit was filed there was no disagreement existing with reference to the claim of plaintiff for war risk insurance as contemplated in section 19 of the World War Veterans' Act, as amended by Act July 3, 1930, § 4 (38 USCA § 445).

The petitions with reference to the claim of disagreement are substantially that some time prior to the filing of the petition herein the plaintiff, being the then claimant, delivered to the United States Veterans' Bureau proof of his condition of permanent and total disability under form 579 of the United States Veterans' Bureau, but that the Bureau has failed to act on the claim, and that, by the unreasonable delay of the Director General thereof in acting on the claim and refusing to act on the claim a disagreement now exists between the plaintiff and the Director General of the United States Veterans' Bureau. To this allegation in causes Nos. 301, 302, and 304, are added by amendment allegations that the failure and refusal to act on plaintiff's claim by the Veterans' Bureau and its officers was done arbitrarily and without good cause.

The World War Veterans' Act of 1924 (section 5 [38 USCA § 426]) provided, among other things, that "the director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this chapter and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this chapter, which are necessary or appropriate to carry out its purposes, and shall decide all questions arising under this chapter and all decisions of questions of fact affecting any claimant to the benefits of Parts II, III, or IV of this chapter, shall be conclusive except as otherwise provided herein."

Title 3 of the act (section 300 et seq. [38 USCA § 511 et seq.]) has to do with allowance of claims on insurance policies, and section 19 of said World War Veterans' Act of 1924, as amended by Act March 4, 1925, § 2 (38 USCA § 445) provides: "In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States. * * *"

In United States v. Burleyson (C. C. A.) 44 F.(2d) 502, reference is made to a general order by the Director, authorized under the foregoing provisions of the statutes, known as General Order No. 387 of June 6, 1929, delegating authority to regional managers to effect final denial of claims for insurance benefits, and delegation of such authority was conferred on rating boards to pass upon claims for insurance with a right of appeal from an adverse decision.

By an amendment to the World War Veterans' Act of 1924 (section 5, as amended by section 1 of the act of 1930 [38 USCA § 426]) which went into effect on July 3, 1930, the Director was again vested with authority to decide all questions of fact and law affecting any claimant, and this amendment declared that such decision on the part of the Director shall be conclusive, except as otherwise provided in the act, and stated that "the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director." Section 19 of the act, as amended by Act July 3, 1930, § 4 (38 USCA § 445).

The Veterans' Act therefore very clearly and in terms conferred jurisdiction on the federal courts to hear matters in controversy only on condition of there being a disagreement between the claimant and the Veterans' Bureau and further limits by the amendment approved July 3, 1930, this conditional jurisdiction after there has been a denial of the claim by the Director or some one acting in his name on an appeal to the Director. And from the foregoing rules of the Veterans' Bureau the Congress intended that no longer should a disagreement exist by authority of any subordinate board, and that such a disagreement could only be considered a denial and the court vested with jurisdiction when such act or acts on the part of such subordinate officers were appealed to and a decision rendered thereon by the director or some one acting directly under his direction and authority.

■ The allowance of claims on these insurance policies is a matter of grace, and the United States, like every other sovereign, has a right to prescribe the terms and conditions upon which it may be sued, and in an action such as this a disagreement between the Bureau and the insured is a jurisdictional prerequisite. United States v. Burleyson, supra.

It has been the custom of the Veterans' Bureau, where a formal claim has been filed with it under a war risk insurance policy, to have these claims made under form 579 of the United States Veterans' Bureau, and, after investigation of such claim, to make a formal decision thereon and notify the soldier of the rejection of his claim and that a disagreement exists, and the court will take judicial notice of this procedure by the Veterans' Bureau. There is no claim in any of these suits that any formal denial of the claim and acknowledgement of a disagreement has been made by the Director or by any subordinate board authorized so to do by him.

It has been held under the Veterans' Act of 1924 that a necessary prerequisite to the maintenance of an action upon such a claim is a presentation of that claim to the Bureau for adjustment and adjudication and a rejection by the Bureau of the claim so made, and it is the issue thus raised between the claimant and the Bureau that Congress authorized to be presented to a court for adjudication. Manke v. United States (C. C. A.) 38 F.(2d) 624; Bernsten v. United States (C. C. A.) 41 F.(2d) 663, 665; United States v. Burleyson, supra.

The plaintiffs herein rely upon the case of Dobbie v. United States, 19 F.(2d) 656, decided by the District Court for the Southern District of Texas, wherein the court held that an unreasonable delay by the Veterans' Bureau may amount to a denial of the claim and thus confer jurisdiction upon the courts. In the light of the foregoing provisions of the acts of Congress, I am unable to agree with this conclusion. The decision of the District Court for the Southern District of Texas appears to be based upon the case of Holmes County, Miss., v. Burton Construction Co. (C. C. A.) 267 F. 769, which was not an action against the government and not a satisfactory precedent.

Cause No. 301 was filed September 20, 1930. The claim therein made is that proof of claim was filed July 9, 1930. The claim was therefore made and suit brought after the World War Veterans' Act was amended on July 3, 1930. As no claim is made that there was any denial of the claim by the Director prior to the filing of the suit, the condition precedent to granting jurisdiction to this court has not been shown. The question of whether the Director or the Bureau acted arbitrarily and failed to act within a reasonable time is without the province of decision by this court where there is no jurisdiction to inquire into that question.

"If the executive officer failed to do his duty, he might have been constrained by a mandamus. But courts cannot perform executive duties, or treat them as performed when they have been neglected. They cannot enforce rights which are dependent for their existence upon a prior performance by an executive officer of certain duties he has failed to perform." United States v. McLean, 95 U. S. 750, 753, 24 L. Ed. 579.

Cause No. 302 was filed September 22, 1930, and its alleged claim thereon was filed on the 11th day of July, 1930, and the same condition therefore exists as in cause No. 301.

Cause No. 304 was filed October 3, 1930, and the claim filed with the Veterans' Bureau on the 27th day of January, 1930. While the claim was filed prior to the amendment of July 3, 1930, no action by the Bureau or any subordinate officers in denying the claim and suggesting a disagreement was made to the plaintiff, either prior to July 3, 1930, or at any time thereafter, and an allegation of unreasonable delay between the filing of the claim and the failure to act thereon as being grounds for the conclusion of a disagreement is not at all persuasive. As we have held, questions of arbitrary action by the Director are not within the jurisdiction of this court to determine, and are immaterial on the question of whether or not a disagreement exists that would grant jurisdiction to this court. Until the Veterans' Bureau, even under the act of 1924 and before the amendment of 1930, has taken some action on the claim, there can be no disagreement to grant jurisdiction to this court.

In cause No. 315, the petition was filed on June 30, 1931, and the claim to the Bureau was made on the 13th day of February, 1931. This was after the amendment, and no disagreement is shown by the pleadings to have been had by denial of the claim by the Director as provided by section 19 of the act as amended. In this case further claim is made that at one time the Bureau did allow $57.50 per month on plaintiff's insurance policy from the 5th day of November, 1918, and that this was discontinued on the 4th day of September, 1921, and, by reason of the disallowance of the war risk insurance on September 4, 1921, the plaintiff claims that a disagreement then arose which conferred jurisdiction on this court. The real difficulty presented by the record in the case at bar is the fact that the claim now presented to the court for adjudication, that is, the claim that the stopping of the payment on the insurance policy was unwarranted and arbitrary and that a

disagreement thereby exists, has never in fact been presented to the Bureau, and consequently no jurisdiction to pass on this question is shown by the pleadings in this case. Bernsten v. United States (C. C. A.) 41 F. (2d) 663, 665.

In cause No. 318, the petition was filed July 1, 1931, and the claim filed with the Veterans' Bureau some time prior thereto; the date not being set out in the petition.

The clerk will therefore enter in each of the foregoing causes the following order: The above-entitled cause coming on for hearing in open court at Council Bluffs, Iowa, on the 29th day of September, 1931, on motion of the defendant to dismiss on the ground that the court is without jurisdiction, said motion is sustained, and plaintiff excepts.