## SCRANTON LACKAWANNA TRUST CO. v. UNITED STATES.

### No. 2779.

District Court, M. D. Pennsylvania.
March 15, 1932.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

George W. Ellis, of Scranton, Pa., for plaintiff.

WATSON, District Judge.

This is a suit to recover on a war risk insurance policy.

To the plaintiff's statement, the defendant has filed an Affidavit of Defense raising questions of law.

In the statement, plaintiff attempts to allege that a disagreement as to the claim under the contract of insurance existed by the

following statement: "Tenth. That on numerous occasions prior to the said date, the said Bureau of War Risk Insurance and the said United States Veterans' Bureau and the said defendant caused the said insured to be examined and obtained information in writing from him and other persons for the purpose of determining his physical and mental condition for the purpose of determining the rates of the said insured to the benefits of the terms of the said insurance policy; that the said examination and information so obtained were considered and returned by the Bureau and Directors thereof, and the said Veterans' Bureau and Directors and the defendant have failed and neglected to issue a letter of disagreement regarding the rights of the said insured to the said insurance benefits, and have disagreed with him concerning his rights to said benefits, but have failed to furnish said insured with a letter of disagreement, although for a long period of time they have refused to recognize his claim and by reason thereof, claimant alleges that there is such a disagreement existing as provided for and recognized under section 19 of the World War Veterans' Act and the Act of June 7, 1924, Chapter 320, section 19 [38 USCA § 445], and said Veterans Bureau has neglected and refused to pay the claimant the amount of said policy or any portion thereof for permanent total disability as therein called for."

The plaintiff alleges in the statement that it was appointed guardian of the estate of Oranzio Police, the insured, a feeble-minded person, on or about October 15, 1915. The statement was verified July 2, 1931, and, in the tenth paragraph above quoted, the plaintiff alleges that the Veterans' Bureau and Directors and the defendant "have disagreed with him (Oranzio Police, a feeble minded person), concerning his rights to said benefits, but have failed to furnish said insured with a letter of disagreement, although for a long period of time they have refused to recognize his claim."

█ It is nowhere alleged in the statement of claim that either the insured or the plaintiff presented a claim to the bureau for adjustment or adjudication, and that a rejection of the claim was made by the bureau. "A necessary prerequisite to the maintenance of an action upon such a claim is the presentation of that claim to the Bureau for adjustment and adjudication and a rejection by the Bureau of the claim so made. It is the issue thus raised between the claimant and the Bureau which Congress has authorized to be presented to a court for adjudication. Where no

claim is made, there can be no issue, and hence no disagreement." Berntsen v. United States (C. C. A.) 41 F.(2d) 663, 665.

██ I am of opinion that, under section 19 of the World War Veterans' Act of 1924, as amended (38 USCA § 445), the disagreement must be a positive disagreement between the Bureau and the person or persons claiming under the contract of insurance, and that the plaintiff's statement and petition in this case is insufficient.

The affidavit of defense raising questions of law is sustained, and plaintiff is allowed fifteen days within which to file an amended statement and petition, and, upon failure so to do, judgment will be entered for the defendant.