## BARABY v. UNITED STATES.

District Court, D. Montana.
April 16, 1932.

Molumby, Busha & Greenan, of Great Falls, Mont., and Smith, Mahan & Smith, of Helena, Mont., for plaintiff.

W. D. Rankin, U. S. Atty., and D. L. Egnew, Asst. U. S. Atty., both of Helena, Mont.

D. D. Evans, of Ft. Harrison, Mont., for United States Veterans' Bureau.

PRAY, District Judge.

The demurrer to the amended complaint herein raising questions of jurisdiction and bar of the statute of limitations was submitted on oral arguments and briefs.

This action was commenced July 2, 1931; the amended complaint filed March 29, 1932. The latter shows that plaintiff made claim for his insurance on June 30, 1931, which was rejected, and such action approved on appeal September 21, 1931; that is to say, that the disagreement became effective on the latter date. An action on a claim under a contract of war risk insurance may be brought against the United States in the event of a disagreement. Title 38, § 445, USCA. This section (World War Veterans' Act 1924, § 19), as amended by Act July 3, 1930 (38 USCA § 445), allows the commencement of an action at any time before July 3, 1931, and provides for the suspension of this limitation for the period elapsing between the filing in the Bureau of the claim sued upon and the denial of said claim by the Director.

It seems quite clear that claimant could have commenced his action within a reasonable time after notice of the rejection of his claim by the director. In other words, there should be read into the statute a requirement for service of notice upon claimant of final action on his claim and a reasonable time after receipt of notice, within which to file his complaint in event of disagreement. If this were not done, two contradictory provisions would appear in the same section; one allowing claimant to commence an action after disagreement and the other making it impossible for him to do so under a literal interpretation of the proviso extending the period of limitation. The spirit and reason of the law should prevail over its letter; words may accordingly be rejected and others substituted. The court should give effect to the intent of Congress. The policy of the legislation as a whole should be considered, the reason of its enactment, its antecedent history; this should be given effect according to "its design and purpose, sacrificing, if necessary, the literal meaning in order that the purpose may not fail." Ozawa v. U. S., 260 U. S. 178, 43 S. Ct. 65, 67, 67 L. Ed. 199; 36 Cyc. 1108 C.

A disagreement between the government and the insured as the law stands is an indispensable prerequisite to commencement of an action. In Mara v. United States (D. C.) 54 F.(2d) 397, 399, the amendment of July 3, 1930, is fully discussed; therein appears a quotation from the Senate Finance Committee disclosing the intent of Congress, as follows: "That before suit is brought a claimant must make a claim for insurance and prosecute his case on appeal through the appellant agencies of the bureau before he shall have a right to enter suit." Therein the court held that there was no jurisdiction to entertain the plaintiff's case, as no disagreement had occurred. Under the statute, decisions, and rules of court, it does not appear that a plea in abatement would lie in this court in this cause, and that this court was without jurisdiction to entertain the suit at the time the action was commenced, and that the statute of limitations is a bar to a further prosecution, since the action was not begun within a reasonable time after disagreement and notice thereof. Very likely a good many claimants are in a like predicament for failure to observe or understand the meaning of the proviso suspending the limitation until after the decision by the Director of the Bureau. It would seem to be a simple matter for Congress to relieve the situation by an amendment further extending the time, as in the former instance, and providing in specific terms for commencement of action after decision of Director and notice thereof to claimant. Therefore the demurrer to the amended complaint should be sustained and the case dismissed, and it is so ordered. Mara v. U. S. (D. C.) 54 F.(2d) 397; Rules of Court Nos. 20 and 93; title 38, USCA, § 445; U. S. v.

Jackson (C. C. A.) 34 F.(2d) 241, 73 A. L. R. 316; Manke v. U. S., 38 F.(2d) 624 (C. C. A. 9); Berntsen v. U. S., 41 F.(2d) 663 (C. C. A. 9); Carson v. U. S. (D. C.) 37 F.(2d) 946, and (D. C.) 40 F.(2d) 967.