**UNITED STATES v. PETERS.**

**No. 9483.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 12, 1933.

G. T. Sullins, Asst. U. S. Atty., of Ft. Smith, Ark. (W. N. Ivie, U. S. Atty., of Ft. Smith, Ark., and Edward S. Ragsdale, Ins. Atty., of Little Rock, Ark., on the brief), for appellant.

E. H. Bost, of Ft. Smith, Ark. (G. L. Grant, of Ft. Smith, Ark., and Harney M. McGehee, of Van Buren, Ark., on the brief), for appellee.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment entered upon the verdict of a jury in an action brought by the appellee on a contract of war risk insurance. The parties will be designated as in the court below.

Only two questions are presented:

(1) Was the court without jurisdiction because of the absence of a disagreement between the Veterans' Bureau and the plaintiff?

(2) If the court had jurisdiction should it have granted the motion of the defendant for a directed verdict?

■ 1. This action was commenced November 1, 1930. Section 445, title 38, U. S. Code, as amended July 3, 1930, 46 Stat. 992, provided:

"In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *

"The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter [the World War Veterans' Act 1924, as amended]."

Since the United States consented to be sued only in case of the existence of a disagreement, it was incumbent upon the plaintiff to allege and prove that she or some one in her behalf had written to the Veterans' Bureau, claiming that the insured, David A. Peters, had become totally and permanently disabled while his contract of insurance was still in force, or using words which showed an intention to claim insurance benefits. In addition, it was incumbent upon her to prove that her claim was denied by the Director, or by some one acting in his name, on an appeal to him. United States v. Densmore (C. C. A. 9) 58 F.(2d) 748; Smith v. United States (D. C.) 56 F.(2d) 636; Mara v. United States (D. C.) 54 F.(2d) 397; Taylor v. United States (D. C.) 57 F.(2d) 331.

■ The record in this case shows that on January 17, 1926, J. F. Peters, a son of the

plaintiff, wrote to the Veterans' Bureau as follows:

"Gentlemen:

"Pvt. 1/c David A. Peters, deceased, serial No. 1605797, formerly of Motor Transport Corps #834, U. S. Army, died in the sanitarium at Fort Sam Houston, Texas, April 11, 1922, of tuberculosis contracted while with the A. E. F. in France during the World War.

"This former soldier carried a ten thousand dollar life insurance policy while in the service, but like a lot of the other boys, dropped same as soon as discharged. His health failed him in the latter part of 1921, and was then sent to San Antonio for treatment, at which place he passed away. While there he was told he could renew his policy by paying the premium due, and was communicating with your office when death overtook him.

"If anyone who has put in a claim for this insurance deserves it, it surely is the widow mother of this former soldier. I would certainly like to hear from you in regard to this matter, stating whether you think she will receive any attention or not.

"If Mrs. Peters cannot realize anything out of this claim, will you please advise me if it is true that some senator has drawn up a bill providing that the beneficiary of any man that has died, who held a policy during the World War, regardless of whether premiums have been paid or not since being discharged, will collect on said policy."

On January 30, 1926, the Bureau replied, by Charles E. Mulhearn, Assistant Director, as follows:

"The Bureau acknowledges receipt of your letter of January 17, 1926, concerning the insurance feature of the above captioned case.

"In reply thereto, you are informed that the records of this office show that he allowed his insurance to lapse for nonpayment of premiums on September 2, 1919.

"You are further informed that this insurance cannot be revived under recent liberal legislation. This Bureau is not aware of any bill about to be introduced in the Congress that will entitle designated beneficiaries to the proceeds of insurance regardless of whether said insurance has lapsed or not.

"All future communications relative to this case should bear the 'C' number 1,285,-613.

"For the director,

"Charles E. Mulhearn,
"Assistant Director."

It is this correspondence which the plaintiff claims constituted a disagreement.

It seems clear that there can be no disagreement within the meaning of the statute unless the Director is given information as to who is making a claim and as to what the claim is. Unless the Director is advised that some person is claiming to be entitled to the benefits of the contract and is asserting that, while it was in force, a contingency insured against occurred, he is in no position to agree or to disagree with the claimant as to the question of liability under the contract. The letter of J. F. Peters was not a writing which alleged total and permanent disability of the insured while the insurance was in force, nor did it use words which showed an intention on the part of any one beneficially interested in the contract to claim insurance benefits under it. The letter indicated that the insured was not disabled prior to 1921. It did not state that the writer was a beneficiary or that he was representing any one who was. It did not assert or intimate that the contract had matured prior to its lapse. Furthermore, the letter of the Assistant Director did not purport to be a denial by the Director of the claim of any one for insurance benefits. It gave Mr. Peters the information he requested.

A disagreement as defined by the statute is an essential prerequisite to an action upon the contract, and the disagreement must be in respect of the claim upon which the action is based.

In United States v. Densmore, supra, page 750 of 58 F.(2d), the court said: "One of the obvious purposes of the legislation with regard to disagreement upon a claim by a veteran is to require the veteran to exhaust his remedies in the department before bringing suit. His right to bring suit is conditioned upon his having done so. The statute provides that the final decision of any division, bureau, or board in the veterans' administration shall be subject to review on appeal by such administrator. 46 Stat. 1016, ch. 863, section 2 (38 USCA § 11a)." See, also, United States v. Lyke (C. C. A. 9) 19 F.(2d) 876; Manke v. United States (C. C. A. 9) 38 F.(2d) 624; Berntsen v. United States (C. C. A. 9) 41 F.(2d) 663; United States v. Burleyson (C. C. A. 9) 44 F.(2d) 502; United States v. Ranes (C. C. A. 9) 48 F.(2d) 582; United States v. De Armond (C. C. A. 8) 48 F.(2d) 465.

The court below should have refused to entertain jurisdiction of this case.

2. In view of this conclusion, it would not be necessary to pass upon the second question. However, it has been argued and briefed, and we have examined the record with a view to determining whether there was substantial evidence to support the verdict. It is our opinion that, if the court had had jurisdiction, it should have directed a verdict in favor of the defendant.

The policy lapsed August 31, 1919. The insured died April 11, 1922, of pulmonary tuberculosis. There was evidence which might have justified a finding that he had tuberculosis at the time his policy was in force. The evidence shows that from December 4, 1919, to September 1, 1920, he worked as a towerman for the Southern Pacific Railroad Company for an average monthly wage of $125, and that from January 6 to August 1, 1921, he was a package checker for the Kansas City Southern Railway Company, earning on an average more than a hundred dollars a month. It is doubtful whether, in view of the record of his employment, a conclusion that, before his policy lapsed, he had an impairment which prevented him from following continuously any substantially gainful occupation, could be justified; but, assuming that there was substantial evidence of total disability on the theory that, while he worked, he was in reality unable to work, the evidence was insufficient to justify a conclusion that the disability was, prior to the lapse of his insurance, based upon conditions which made it reasonably certain at that time that it would continue throughout his life.

The following language used in the case of Eggen v. United States (C. C. A. 8) 58 F. (2d) 616, 620, is pertinent: "No one could determine from the evidence whether there were, during the life of the policy, conditions not disclosed which then placed the insured in the class of incipient tuberculars who cannot be cured, or whether, subsequent to lapse, such conditions developed during the natural progress of the disease, or because of the failure of the insured to take treatment, or as the combined result of both the disease and such failure." See, also, Nicolay v. United States (C. C. A. 10) 51 F.(2d) 170; Hirt v. United States (C. C. A. 10) 56 F. (2d) 80; Roberts v. United States (C. C. A. 10) 57 F.(2d) 514; United States v. Rentfrow (C. C. A. 10) 60 F.(2d) 488; Proechel v. United States (C. C. A. 8) 59 F.(2d) 648.

The judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.