## YOUNG v. UNITED STATES.
### No. 1781.

District Court, D. Idaho, S. D.
Jan. 4, 1934.

Hawley & Worthwine, of Boise, Idaho, for plaintiff.

J. A. Carver, U. S. Dist. Atty., E. H. Casterlin, Asst. U. S. Dist. Atty., and R. L. Slaughter, Atty., U. S. Department of Justice, all of Boise, Idaho, for the United States.

CAVANAH, District Judge.

This suit is one upon a policy of war risk insurance to which the government has answered and asserts as one of its defenses the plea of the statute of limitation. The case was tried before the court on stipulation of the parties, and a motion was made to dismiss upon the ground of lack of jurisdiction, as the claim was not filed with the Veterans' Bureau within the time required by section 445, Title 38 USCA, as amended.

Upon agreement of the parties, testimony was first taken on the question of fact as to whether the claim was filed with the bureau within the time required by law. The evidence shows that the plaintiff mailed on July 3, 1931, at Hailey, Idaho, the claim in a stamped envelope addressed to the bureau at Washington, D. C., and it was received by the bureau on July 7, 1931.

The inquiry is, Can the claim be treated as filed with the bureau as of July 3, 1931, the date on which it was mailed at Hailey, and treated as denied on September 21, 1932, when plaintiff received the denial in a letter? The statute as amended July 3, 1930 (38 USCA § 445), provides that the limitation shall be suspended for the period elapsing "between the filing in the bureau of the claim sued upon and the denial of said claim by the director." The use of the word "filing" is the delivery of the paper or document to the proper officer and lodged by him in his office. Barber Asphalt Paving Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25, 28; Masterson v. Southern R. Co. et al. (Ind. App.) 82 N. E. 1021; United States v. Lombardo, 241 U. S. 73, 36 S. Ct. 508, 60 L. Ed. 897. When the claim was filed in the bureau on July 7, 1931, the statute of limitation had run against it, as the last day upon which the claim could have been filed in the bureau was on July 3, 1931, and was after the expiration of the period permitted by the statute for the filing of the claim and bringing of suit thereon. Mere mailing of the claim does not satisfy the statute. It must have been received by the bureau. Leahy v. United States et al. (D. C.) 10 F.(2d) 617; Creasy v. United States (D. C.) 4 F. Supp. 175; Smith v. United States (D. C.)

2 F. Supp. 319; Miller v. United States (D. C.) 57 F.(2d) 889.

A prerequisite necessary to give the court jurisdiction and the maintenance of an action on a war risk insurance claim is the presentation of the claim to the bureau and its rejection. Berntsen v. United States (C. C. A.) 41 F.(2d) 663. And this requirement must be within the time and in the manner as prescribed by the statute.

The claim in the instant case not having been filed in the bureau within the time, the court is without jurisdiction, and therefore the motion to dismiss is granted.