748

## BIGLEY v. UNITED STATES.

### No. 1992.

District Court, S. D. Texas, Houston Division.

April 9, 1934.

Edgar Soule, of Houston, Tex., for plaintiff.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex., for defendant.

KENNERLY, District Judge.

By original petition, filed in this court September 3, 1932, plaintiff, a former soldier, claiming total permanent disability, sued defendant on a war risk insurance policy issued to plaintiff by defendant, August 3, 1918. January 10, 1934, plaintiff filed amended petition, and this is a hearing (both on the law and the facts) under District Court Rule 25 (amended rules of January 1, 1934), of defendant's plea or motion raising the question of the jurisdiction of this court.

1. That ordinarily the United States of America may not be sued, and that in suits of this character, plaintiff must plead and prove facts showing jurisdiction, is well settled. Miller v. United States (D. C.) 57 F.(2d) 889; Mara v. United States (D. C.) 54 F.(2d) 397, 399; Gallardo v. United States (D. C.) 5 F.(2d) 678; United States v. Lyke (C. C. A.) 19 F.(2d) 876; United States v. Jackson (C. C. A.) 34 F.(2d) 241, 73 A. L. R. 316; Manke v. United States (C. C. A.) 38 F.(2d) 624; Berntsen v. United States (C. C. A.) 41 F.(2d) 663; United States v. Burleyson (C. C. A.) 44 F.(2d) 502; United States v. Ranes (C. C. A.) 48 F.(2d) 582; Smith v. United States (D. C.) 56 F.(2d) 636; Maulis v. United States (D. C.) 56 F.(2d) 444; Taylor v. United States (D. C.) 57 F.(2d) 331; Kelley v. United States (D. C.) 59 F.(2d) 743; Griffin v. United States (C. C. A.) 60 F.(2d) 339.

2. Testing first the jurisdiction under plaintiff's original petition, filed September 3, 1932. In such original petition, plaintiff alleges that he became totally permanently disabled December 3, 1918. And this suit not having been brought within six years after December 3, 1918, when his right of action accrued, or within one year after July 3, 1930 (see World War Veterans' Act 1924, § 19, as amended by Act March 4, 1925, § 2, 43 Stat. 1302, as amended by Act May 29, 1928, § 1, 45 Stat. 964, and Act July 3, 1930, § 4, 46 Stat. 992 [38 USCA § 445]), this court was without jurisdiction of plaintiff's suit as presented in his original petition.

There is an allegation in such original pe-

tition[1] that the United States Veterans' Bureau, on September 21, 1931, denied plaintiff payment of his claim, and that thereby there existed a disagreement, etc. There is therein, however, no allegation, nor is there proof, of the time of filing of plaintiff's claim with the bureau, and the time between such filing and such denial is not alleged nor shown so as to enlarge the time for filing suit, beyond one year after July 3, 1930.

3. In plaintiff's amended petition (filed January 10, 1934), he alleges as his first cause of action, the issuance August 3, 1918, of the policy of insurance, total permanent disability December 3, 1918, that plaintiff's claim was filed with the bureau on or about October 10, 1930, and such claim denied September 21, 1931.[2] It will thus be seen that if the period of suspension between the filing with the bureau of plaintiff's claim, and its denial by the bureau, be considered, the suit still was not filed in time, and this court is without jurisdiction. And this is true whether it be regarded as filed on September 3, 1932, or on January 10, 1934. See Anderson v. United States (D. C.) 5 F. Supp. 269; Hipkins v. United States (D. C.) 1 F. Supp. 505; Carson v. United States (D. C.) 37 F. (2d) 946.

Apparently in an effort to avoid this effect, plaintiff alleges (note 2) that on or about the 13th day of February, 1932, he received in an envelope, postmarked "Washington Feb. 9 3 P M 1932," a letter under date of September 21, 1931, advising him of the denial of his claim, etc. In his original petition, plaintiff states and makes oath that he received such letter about September 21, 1931. Defendant's evidence (affidavit of McCorquodale)[3] shows that plaintiff knew of the denial of his claim as early as about September 21, 1931, and this, plaintiff does not controvert nor deny. He chooses to stand upon the uncertain and evasive plead-

[1] "Plaintiff further alleges that he has made the necessary and required demand on the duly authorized agents of the United States, to-wit, the U. S. Veterans' Bureau, which has charge of the administration of said claims of War Risk Insurance, and he has made specific demand for the payment of his insurance policy, and they have continuously refused to pay same until, to-wit, Sept. 21st, 1931, at which time he received a letter which read in part as follows:

" 'Under the circumstances there exists a disagreement as contemplated within the provisions of section 19, World War Veterans' Act, as amended July 3, 1930', by reason of which a disagreement exists and this Court has jurisdiction of this cause."

[2] "Plaintiff further alleged that he has made the necessary and required demand on the duly authorized agents of the U. S., to-wit, the United States Veterans Bureau, which has charge of the administration of said claims of war risk insurance, and he has made specific demand for the payment of his insurance policy, and they have continuously refused to pay same until, to-wit, said claim for such insurance payment was presented first on or about October 10, 1930, to the District or Local Board at San Antonio, which said Board denied such claim on or about November 12, 1930, that then and thereafter, he appealed to Section 'C', Central Board of Appeals at New Orleans; that thereafter his said appeal was sent by the District Board or Office to the Council on Appeals at Washington; that he was thereafter informed under date of August 26, 1931, that the Insurance Claims Council had denied his claim; and that thereafter this Plaintiff appealed to the Administrator of Veterans' Affairs; that thereafter, to-wit, on or about the 13th day of February, 1932, this Plaintiff received in an envelope postmarked 'Washington Feb 9 3 PM 1932' a letter under date of September 22 (21), 1931, advising him that the Administrator of Veterans' Affairs had affirmed the decision rendered by the Insurance Claims Council, and that, under the circumstances, there exists a disagreement as contemplated within the provisions of Section 19, World War Veterans' Act, as amended July 3, 1930, by reason of which disagreement this Court has jurisdiction of this cause."

[3] "The original petition herein alleges that said claim for insurance was denied on September 21, 1931, and said allegation is hereby referred to and incorporated herein as an admission by the plaintiff that such date of denial was correct. The first amended original petition herein likewise alleges denial of the plaintiff for insurance benefits on September 21, 1931; the defendant alleges on information and belief that notices of said denial were, on or about September 21, 1931, properly addressed and mailed to the plaintiff herein and his agents and that plaintiff well knew of said denial. The allegation that plaintiff well knew of said denial is based upon admission in writing by the insured veteran on the file of the Veterans Bureau that he knew of said disagreement prior to receipt of the letter referred to in Paragraph 3 of the first amended original petition as having been received on or about February 13, 1932."

ings quoted. I find that plaintiff had notice and knowledge of the denial of his claim as early as about September 21, 1931, as alleged in his sworn original petition, and that, as stated, this court is without jurisdiction of plaintiff's first cause of action set up in his amended petition, i. e., his cause of action based upon the claim that he became totally permanently disabled December 3, 1918.

But plaintiff, in his amended petition, abandons the claim of jurisdiction in this court by reason of the denial of his claim by the bureau on September 21, 1931. He alleges that between January, 1933, and January 10, 1934 (the date of filing such amended petition), he again submitted his claim to the bureau, and that it was again denied, the date of the denial not being given.[4] In other words, plaintiff apparently insists that his claim was not only pending before the bureau from October 10, 1930, to September 21, 1931, but in addition, from January, 1933, to January 10, 1934, and that that period should also be considered in determining whether his suit was filed in time. If so considered, plaintiff's amended petition was still not filed in time in so far as his first cause of action is concerned, and this court is without jurisdiction thereof.

■ 4. Plaintiff brings forward for the first time in his amended petition (in the alternative) a second and new cause of action, in that he seeks to recover on such policy of insurance, alleging [5] that he became totally permanently disabled "on or about the month of April 1930." This is an entirely separate and distinct cause of action from that asserted in plaintiff's original petition.

Congress by the Act of March 20, 1933, § 17 (section 717, title 38 USCA), repealed all laws granting or pertaining to yearly renewable term insurance, but such act contains an exception in the following language:

"Provided, That nothing contained in this section shall interfere with payments heretofore made or hereafter to be made under contracts of yearly renewable term insurance which have matured prior to the date of enactment of this chapter and under which payments have been commenced, or on any judgment heretofore rendered in a court of competent jurisdiction in any suit on a contract of yearly renewable term insurance, or which may hereafter be rendered in any such suit now pending."

At the time of the approval and taking effect (March 20, 1933) of such act, there was no suit pending wherein plaintiff was seeking to recover on a cause of action under such policy of insurance accruing "on or about the month of April 1930," and, therefore, plaintiff's suit on such cause of action

---

[4] "Plaintiff avers that by reason of the aforesaid agreement of attorneys and his performing his part of the contract and by having said cause reopened, and his appearing before the Rating Board, now estops the defendant from pleading the Statute of Limitations as a bar to any right of recovery to which the plaintiff may be entitled. That the Veterans Administration after reopening said cause has refused to approve the claim for insurance. That by reason of its refusal to pay or recommend payment thereof this plaintiff is now entitled to proceed to trial with this cause upon its merits."

[5] "Plaintiff alleges, in the event that he is mistaken that he has become totally and permanently disabled as of Dec. 3, 1918, he pleads in the alternative that he was on and prior to Dec. 3, 1918, by reason of his military service, partially disabled to the extent of twenty-five (25) per cent. as shown by his service records now in the possession of the Defendant; that by reason of said partial disability the Plaintiff became entitled to receive compensation at the rate of a 25% disability; that the Defendant has refused and failed to pay said compensation, and has retained all such sums due the Plaintiff; that in the event the Plaintiff was only twenty-five per cent. disabled he was entitled and is now entitled to have said payments made on the premiums of his said War Risk Insurance policy, which, if paid, would have prevented the lapsing of said policy, if said policy has elapsed for failure to have paid the premiums thereon. Plaintiff pleads further that he has been more than twenty-five per cent. disabled at all times since his disability arose during his military service; that Plaintiff is entitled now to have all such sums retained by Defendant applied upon the premiums of said policy;

"In connection with the foregoing allegation this plaintiff avers that the defendant has recognized the fact that he is totally and permanently disabled, and unable to carry on any gainful occupation from which he might receive compensation. That such total disability was recognized by the defendant during the year, on or about the month of April 1930, and at all times since said date. That by reason of the laws and regulations in effect governing payments of premiums on insurance policies and contracts this plaintiff said that no premium was due on his contract of insurance, at any time after his disability became total and permanent, irrespective of the date thereof."

subsequently instituted may not be prosecuted or maintained here.

In fact I incline to the view (but find it unnecessary to decide) that plaintiff having abandoned the grounds of jurisdiction set forth in his original petition, and this court having no jurisdiction of plaintiff's suit under his original petition, plaintiff's suit stands now as if he had never filed such original petition, and presents in effect a suit instituted for the first time on January 10, 1934, on the two causes of action referred to, and on the allegation of a disagreement some time between January, 1933, and January 10, 1934. Mara v. United States (D. C.) 54 F.(2d) 397; Taylor v. United States (D. C.) 57 F.(2d) 331; Hansen v. United States (C. C. A.) 67 F.(2d) 613; Anderson v. United States (D. C.) 5 F. Supp. 269; United States v. Bass (C. C. A.) 64 F.(2d) 467. But see Dobbie v. United States (D. C.) 19 F.(2d) 656, 657. And that such Act of March 20, 1933 (38 USCA § 701 et seq.), bars its prosecution here.

It follows that defendant's plea to the jurisdiction should be sustained, and plaintiff's suit dismissed. Let an order be prepared and presented accordingly.