## MALAVSKI v. UNITED STATES.

### No. 4350.

Circuit Court of Appeals, Seventh Circuit.
June 17, 1930.

Rehearing Denied Nov. 26, 1930.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Joseph A. Struett, of Chicago, Ill., for the United States.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

### PER CURIAM.

Appellant appeals from a judgment for defendant in a suit brought to recover total and permanent disability benefits under a war-risk insurance certificate issued to plaintiff. The court directed a verdict for defendant.

Appellant enlisted in the United States Army May 5, 1917, and shortly thereafter applied for and received a war-risk insurance certificate for $10,000, which provides for monthly installments of $57.50 each in case of his permanent and total disability. This insurance remained in effect until May 1, 1919, and then lapsed if the defendant was not then totally and permanently disabled. The District Court was of the opinion that the evidence of appellant was not sufficient to sustain a verdict showing that he was totally and permanently disabled on May 1, 1919. If the court was in error in that respect, the judgment cannot stand.

Appellant was gassed in battle in the Argonne in 1918, and was cared for at a temporary hospital in a French house for three days, then sent to Field Hospital No. 2, and then to a Base Hospital, where he remained for three months. He was next placed in a casual company for a short period, and thereafter sent to Brest, where he remained in barracks for three weeks before he sailed for home. He arrived in America April 2; 1919, and, until his discharge on April 12, 1919, remained in camp. He never did any army duty after he was gassed.

Appellant further testified that ever since he was discharged he has had constant pains in his chest and back, has, coughed continuously, is always tired, and has experienced excessive sweating; that he was in the Oak Forest Sanitarium in June, July, and August of 1921; that he attempted to work for a malleable iron company, the International Harvester Company, and an electric machine company, but that, after trying for a few weeks in each instance, he was compelled to lay off on account of illness and return home for several months. During none of his attempts at labor, according to his testimony, was he able to work continuously, but during each week was, because of his condition, compelled to desist for two or three days.

After various attempts to work, ending each time in illness and necessity of complete rest, in September, 1921, he was taken to the Edward Hines, Jr., Hospital, where he remained until April, 1923. From September, 1923, to October, 1925, he was given government vocational training, and then returned to the Hines Hospital. Certain witnesses testified as to his condition at present and while in the hospitals.

A physician, apparently reputable and qualified, testified that he examined appellant thoroughly in February, 1921, and found him afflicted with active tuberculosis; that he found rales and crackling sounds in the chest and cavities in the lungs, and diagnosed the case as one of active tuberculosis. At the time of his last examination in 1929 he found appellant afflicted with chronic quiescent tuberculosis. The physician was of the opinion that, considering appellant's condition when first examined in February, 1921, he had been afflicted with active tuberculosis for eighteen months or two years prior to that time. Two years would carry his period of affliction back to February, 1919, three months prior to his discharge, while eighteen months would carry it back to August, 1919, three months subsequent to his discharge. The doctor expressed the opinion that the disability which he found in 1921 was a permanent one, which could not have developed in less than from one or two years; that appellant could not perform labor in 1921;

could follow no occupation; that he was "progressively losing ground."

Under the statute it is presumed conclusively that the disease was acquired while in service.

The question arising upon this evidence is whether or not there is substantial evidence to sustain a finding that at the time of the lapse of his policy in May of 1919 appellant had such impaired capacity as to render it impossible for him to follow continuously some substantial gainful occupation. See United States of America v. McPhee (C. C. A.) 31 F.(2d) 243.

Although the defendant offered testimony of physicians at variance with that of appellant, we consider the evidence hereinbefore referred to of such substantial character as to be sufficient to sustain a verdict of a jury upon the affirmative of the issue, and conclude that it became a question of fact for the jury as to whether appellant was at the time the policy lapsed totally and permanently disabled; that is, whether he could then and thereafter "follow continuously some substantially gainful occupation."

The cause is reversed and remanded for a new trial.