## VANCE v. UNITED STATES.

### No. 4351.

Circuit Court of Appeals, Seventh Circuit.
June 17, 1930.

Rehearing Denied Nov. 25, 1930.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Joseph A. Struett, of Chicago, Ill., for the United States.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

## PER CURIAM.

Appellant sued upon a war-risk insurance certificate for $10,000 to recover the installments therein provided for permanent total disability. At the conclusion of appellant's evidence, the District Court directed a verdict for defendant.

The insurance having otherwise lapsed, the issue here is, as in Malavski v. U. S. (C. C. A.) 43 F.(2d) 974, decided this day also, whether on May 1, 1919, appellant was totally and permanently disabled.

Appellant enlisted in the United States Army July 22, 1916, and was discharged May 1, 1919. On November 5, 1918, while at Grandloup, France, the building in which he was located was bombarded and collapsed, and brick and stone struck him to the ground, where he lay from forty to fifty minutes before he could draw himself up by pulling on the demolished walls. Fighting was active at that time, and, despite his injury, he was sent into the line and fought from the 6th until the 11th with an injured spine and fever of 104. On November 18th he was taken to the base hospital at Laon by ambulance, where he stayed until February, 1919, being treated for spinal trouble and influenza. From there he was taken to the classification camp at St. Anthony for fourteen days, where he was treated for spinal injury. Then he was taken to the field hospital at Le Man, where he was treated for a second attack of influenza, and for spinal trouble; and then he was taken to Brest for six weeks, where he was in the hospital and was treated for his spine. He was kept bandaged and did no work.

From Brest he sailed to America, arriving April 9th. On board ship he received treatment for his spine, and upon arrival he was sent to Camp Merritt, placed in the hospital for two weeks, and again treated for his spine. From Camp Merritt he went to Camp Bowie, where he was discharged. While at the latter camp he was treated for influenza.

After his discharge he came to Chicago, where for six months he tried to work and to earn money. He was employed in a restaurant for six weeks, and worked about three days each week. When not working he was

at home taking medicine and treatments. In late 1919 he entered a St. Louis hospital for veterans, where he remained for seven months. Then he was taken to the Government Hospital at Leavenworth for ten months. Then he came back to Chicago, and two months later entered the Government Hospital at Forty-Seventh street and Drexel boulevard. During all of this latter period he did no work. In the last-named hospital he remained for four months, receiving treatment for his spine.

He endeavored to work in a tannery, but could work only intermittently. Later he worked for a barber, doing such work as sweeping, receiving no wages for eight months. Then he endeavored to learn the trade of barbering, and worked for a time at $5 per week. During no part of this period, however, could he work regularly or continuously. After leaving the barber shop he was in the hospital at Milwaukee for six months, receiving treatment for his spine, and was then sent to the Madonna Annex Hospital. He has had constant treatment ever since.

He testified that during all of this period he has had pains in his back and in his knees, and that at times he has to be assisted to his bed and out of it; that frequently he cannot rise, and that since shortly after his accident in France he has had constant stomach trouble; that he has been extremely nervous, and that this seriously interfered with his work as a barber; that his sight has been bad since November, 1918; that his eyes burn and run water; that he has used a cane intermittently during all of the period; that he left the hospital the week he testified.

Various witnesses testified as to their observation of him in France and about the hospitals where he was located in America, adding little, however, to appellant's own statement. A physician, whose qualifications and ability were admitted, testified that upon a recent examination of the appellant he found him afflicted with arthritis of the spine of permanent character, and with ankylosis, that complete rigidity had set in in some of the joints and in certain parts of the spine, and that the condition is permanent and cannot improve.

It is apparent that the effects of his injury in France in 1918 have continuously persisted. The spinal trouble has continued from then until the present, and he has at no time performed continuously any labor. His own assertion is that he could not do so, and that, while he repeatedly attempted to work, each time he did so the attempt resulted in inability to labor continuously, and necessitated refuge in the hospital for further treatment.

In this situation we are of the opinion that there was substantial evidence that on May 1, 1919, the plaintiff was and at all times since has been unable, on account of the injuries received in service, to work continuously at a substantially gainful occupation, and that such condition is permanent. Consequently the court should have submitted the issue to the jury.

The cause is reversed and remanded for a new trial.