## UNITED STATES v. DE ARMOND.
### No. 8972.

Circuit Court of Appeals, Eighth Circuit.
March 11, 1931.

Bayless L. Guffy, Atty., U. S. Veterans' Bureau, of Washington, D. C. (William L. Vandeventer, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo., William Wolff Smith, Gen. Counsel, United States Veterans' Bureau, of Washington, D. C., Robert D. Durst, Atty. U. S. Veterans' Bureau, of Springfield, Mo., and Vergil E. Willis, Regional Atty., U. S. Veterans' Bureau, of Kansas City, Mo., on the brief), for the United States.

Lawrence E. Goldman, of Kansas City, Mo. (Frank R. Daley and Goldman & Daley, all of Kansas City, Mo., on the brief), for appellee.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

This is an action on a policy of war risk insurance. Appellee, as the plaintiff in the trial court, recovered judgment, and the government has appealed.

Gail W. Stubbs was a soldier of the World War, and there was granted to him

insurance in the sum of $10,000. It was undisputed that all premiums were paid up to and including September, 1921. Suit was originally filed by the assured in March, 1928, but he died during that year, and his executor was substituted as plaintiff.

It is alleged in an amended petition that the assured became totally and permanently disabled on June 1, 1920, from tuberculosis which affected his lungs, hips, and legs, and caused a disturbance of his entire nervous system.

The original petition fixed the date of his incapacity as June 20, 1919. The appellant objected to the amendment which changed the date to June 1, 1920, on the twofold ground that it was a departure, and that it was unfairly made on the moment of beginning the trial. Motion was duly made to strike out such amendment. Being overruled, an application for a continuance was made on the ground that the appellant did not have "a sufficient and reasonable time in which to prepare for trial." The latter motion was also overruled. Answer to the amended petition was then filed, and the cause proceeded to trial.

The evidence tended to show that, when the assured was discharged from the army in June, 1919, he appeared to be "sort of tired out." His face was flushed, he walked with a limp, he could not bend over, had to be helped on street cars, his left hip was affected, and his condition continued to grow worse. In February, 1920, he went to a hospital at St. Louis, where he remained confined to his bed for four months. During that time he wore braces, which he continued to wear after leaving the hospital. He could not walk without assistance, and had to be bathed and dressed by his wife. Doctors who examined him said that he had tuberculosis of the lumbar spine.

Some of the witnesses said that he was unable to work when examined in March, 1921. The prognosis as to his recovery was "not so very good." In fact he was pronounced as "suffering from an incurable condition."

■ At the conclusion of the evidence both parties requested a directed verdict. There were no reservations; hence such requests had the effect to waive the jury and submit all questions of fact to the court. The court found the issues for the appellee.

Appellant complains that the evidence did not support the findings of the court, that the court abused its discretion in denying the application for a continuance, and that the amendment to the petition above set out was a departure, and that by such amendment a new cause was stated and a new demand made concerning which there was no disagreement so as to confer jurisdiction upon the court. These will be noted and discussed in the course of the opinion.

■■ 1. When both parties requested a peremptory instruction, they came within the rule approved in Williams v. Vreeland, 250 U. S. 295, loc. cit. 298, 39 S. Ct. 438, 439, 63 L. Ed. 989, 3 A. L. R. 1038, as follows: " 'Where both parties request a peremptory instruction and do nothing more they thereby assume the facts to be undisputed and, in effect, submit to the trial judge the determination of the inferences proper to be drawn therefrom.' And upon review a finding of fact by the trial court under such circumstances must stand if the record discloses substantial evidence to support it." See, also, Clapper v. Gamble (C. C. A.) 28 F.(2d) 755.

It will be observed that the evidence as above set out was substantial and sufficient to support the finding of fact made by the trial court. Malavski v. United States (C. C. A.) 43 F.(2d) 974; Vance v. United States (C. C. A.) 43 F.(2d) 975; Mulivrana v. United States (C. C. A.) 41 F.(2d) 734.

■ 2. The matter of granting a continuance is within the sound discretion of the trial court. It is only subject to review if such discretion has not been soundly exercised. Appellant's counsel was notified of the proposed amendment five days before trial. The only effect of the amendment was to change the date of the alleged accrual of incapacity of the assured from June 20, 1919, to June 1, 1920. In order to recover, it was necessary for the appellant to prove that the assured not only became totally disabled, but that such condition was reasonably certain to continue.

In making preparation for the defense, the government would properly prepare to show by evidence that the assured was not totally disabled, but, if so, that same was not permanent. Instead of imposing a greater burden on the appellant, the amendment to the petition reduced the burden. There was a shorter period over which it was necessary to make survey and inquiry and obtain proof as to the true condition of the assured. There was no abuse of discretion in denying the application for a continuance.

3. The last point urged by appellant is that the amendment was not only a departure, but that the new date fixed was not involved in any disagreement with the Director of the Veterans' Bureau.

Under date of July 27, 1927, counsel for the assured wrote the Director of the Veterans' Bureau, in reference to the physical condition of the assured, in part, as follows: "He was discharged with S. C. D. and from and after the date of discharge, he has been totally incapacitated. Because of his physical condition he is unquestionably permanently and totally unfit to carry on any substantial, gainful occupation."

Demand was made in that letter for the benefits of the policy "from the date of the inception of his disabilities to the present time." Under date of March 14, 1928, the Director wrote the assured's, and now appellee's attorney, in part as follows:

"Reference is made to previous correspondence in which you stated that the above named veteran has been permanently and totally disabled since his discharge from the service and requested payment of insurance benefits.

"You are informed that after considering the case the Director has decided that the evidence was not sufficient to warrant a permanent and total rating prior to September 12, 1922. In view of the fact that the veteran's insurance lapsed for nonpayment of premiums due long prior to the effective date of the permanent and total rating, the insurance claimed cannot be paid."

The foregoing was tantamount to a denial of total and permanent disability at any time prior to September 12, 1922. This would amount to a disagreement as to the total and permanent disability of the assured on June 1, 1920.

The amendment was not a departure, and neither did the amended petition attempt to state a cause of action where there had been no disagreement with the Director of the Veterans' Bureau so as to deny jurisdiction of the court.

The case of Bernsten v. United States (C. C. A.) 41 F.(2d) 663, cited by appellant, does not support its contention. In that case the date when disability accrued was fixed in the demand upon the Director of the Veterans' Bureau as of February 24, 1924, whereas the suit was based upon an alleged disability accruing at a much earlier date.

In discussing the right of the soldier to maintain his action, the court employed language which supports the jurisdiction in the instant case: "If the appellant had presented a claim such as he now presents to the court for determination by the Bureau as to whether or not he was entitled to monthly payments under his War Risk Insurance by reason of total and permanent disability occurring during the life of the policy, the reply of the Bureau herein might appropriately be considered a rejection of that claim because it fixed a later date for the accrual of the total and permanent disability."

It should be noted that the claim in the case at bar, and as presented to the Veterans' Bureau, is based entirely upon the allegation that permanent and total disability occurred while the soldier's war risk insurance was still in force and effect. It was within the right of the appellee to amend his petition so as to have fixed a still later date as the policy continued in force until late in the year 1921.

The judgment of the trial court was amply supported by the evidence. There was no abuse of discretion in permitting the amendment to the petition, and the evidence shows a disagreement between the appellee and the defendants so as to confer jurisdiction upon this court.

The judgment of the trial court is affirmed.