### UNITED STATES v. LINKHART.
#### No. 4852.

Circuit Court of Appeals, Seventh Circuit.
April 4, 1933.

Rehearing Denied May 26, 1933.

748

Paul F. Jones, U. S. Atty., and Walter E. Ackerman, Asst. U. S. Atty., both of Danville, Ill., and J. O'Connor Roberts, of Washington, D. C., for the United States.

Charles H. Fletcher, of Mattoon, Ill., and Charles Troup, of Danville, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The suit was upon a war risk insurance certificate issued to appellee, Linkhart, after he entered the service in 1918, from which he was honorably discharged April 28, 1919. It was stipulated in the record that his insurance contract lapsed for nonpayment of the monthly premium thereon which was due May 1, 1919; and "that the only issue in this case is whether plaintiff was totally and permanently disabled on or before April 1, 1919, or within thirty-one days thereafter." Jury was waived, and upon trial by the court judgment was given for appellee.

In this, as in many such cases, there is the situation of a man, holding a contract for indemnity against total and permanent disability occurring during the life of the contract, suffering many years to pass (in this case over twelve) after alleged accrual of his cause of action before asserting his claim, which, if well founded, would have entitled him to receive $57.50 per month from the time the total and permanent disability began.

While under the successive statutes enlarging the time wherein such actions may be brought the long delay does not of itself bar the action, it is a fact to be considered with all the other facts in determining, even upon appeal, whether there is substantial evidence to support the claim.

Possibly the belated bringing of such actions has been stimulated by some expressions of courts, as well as by the wording of the departmental regulation, which provides that: "Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed, in Articles III and IV, to be total disability. Total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain it will continue throughout the life of the person suffering from it."

If the word "continuously" be construed to imply without any interruption at all, literal adherence to the regulation might warrant recovery as for a total and permanent disability even though the interruption of occupation or of ability to follow it was but brief and infrequent. Such interpretation of the regulation could not have been intended; or, if intended, it would not be a regulation, but rather legislation by a department without power to legislate; and it would be in contravention of the statute under which this contractual liability attaches only if the disability is *total* and *permanent*.

The regulation so construed would have the practical effect in many cases of eliminating from the contract the word "total" or "permanent," or even both, thereby plunging the insurer into a tremendous potential liability wholly uncontemplated by the contract, or by the statute which is its source.

Where much time has intervened between the lapsing of the insurance and the trial of the cause, the experience of the intervening years is usually helpful in determining questions of the permanence and of the totality of the alleged disability. There was evidence here tending to show that at the time of his discharge from the service Linkhart was suffering from pulmonary tuberculosis. But this condition does not of itself imply that any disability thereby occasioned was permanent or total. The very fact that thirteen years after the ascertainment of a condition of pulmonary tuberculosis the subject is still alive and able to carry on, to a substantial degree, a gainful occupation, would persuasively suggest that the tuberculosis had been temporarily or permanently arrested, and, in any event, had not *totally* disabled the person from following a substantially gainful occupation, albeit at intervals he was disabled from working.

Linkhart testified that he was gassed October 31, 1918, and had a hemorrhage while yet in the service, but that he was not hospitalized or treated therefor; that since that time his health has not been so good as before he entered the service, and that he had a worn-out feeling when he left it, and was never well thereafter; that he returned at once to his old home and hired out to work at his old trade of barber; that he felt sick, and worked at this job about half of the time for about four or five weeks, and in July, 1919, went to Colorado for his health, but on the advice of a physician returned to Il-

linois that fall, and went to work in another barber shop, working there from that fall until in the spring of 1920; that he worked about half of the time, and that his average weight of about 165 pounds before going into the army became gradually reduced, being 135 pounds at the time of the trial; that he quit that employment in the spring of 1920 and worked in another barber shop, under the same conditions, until the spring of 1921; that his health became worse and he did nothing until early in the summer of 1923; that his health improved when he was not working; that in the summer of 1923 he returned to work in one of the shops where he had been employed, and worked there about half time until the spring of 1924, when he started driving a bus, continuing until that traffic stopped that fall, working about two-thirds of the time or better and making forty dollars a week when he was working; that during that time he had a pain in his chest; that after he quit driving he worked at a barber shop for three weeks, working part of the time, then going to work in another barber shop, which in June or July, 1925, he and another man bought, running it until the summer of 1927; that he would be on the job regularly for a month at a time and then be off a month or two, and his health was no better; that they sold the shop in July, 1927, and then he worked for the purchaser until 1930, and that the condition of his health was not good, and that he was working about half time; that in 1930 he and another man bought a shop, which they continued to own and run up to the time of the trial (April 25, 1932). Sometimes they employed two additional barbers and sometimes one. He said that he would usually work part of the day and lay off the rest of it; that the first day he worked after quitting the service, and occasionally thereafter, he had hemorrhages—the last one in 1926—but that he never called a doctor or was treated for the hemorrhages.

His earnings as a barber varied; the minimum was eighteen dollars weekly when working, apart from his profits as a shop owner. He has supported himself and his family, and has paid the purchase price of his share of the shops which were purchased.

It seems clear from his evidence that the interruptions in his occupation were not all caused by his condition existing at the time the contract lapsed. Since his service he appears to have undergone a number of surgical operations; in 1923 for hemorrhoids and anal fistula; in 1926 again for a rectal trouble; in 1927 for a prolapsus ani; and in March, 1931, a gastro-enterostomy was performed on him because of duodenal ulcers, and at the same time his appendix was removed. While his physicians testified that from all these surgical experiences he has fully recovered, these are afflictions which may come to any one, whether tubercular or not, and the evidence does not establish that the ailments which necessitated this unusual number of operations were traceable to any condition which existed while the contract was in force. It is evident, however, that these operations, and the pain and inconvenience and illness, and the consequent disability, both preceding and following them, were of themselves of sufficient gravity to have caused much of the interruption of occupation to which he testified. It thus appears from his own testimony that, for the major part of the thirteen years preceding the trial and following the lapsing of his contract, he has in fact followed a "substantially gainful occupation."

But if it may be said that the evidence tends to show the operations were made necessary by the tubercular condition which originated while the contract was in force, and if we give no evidentiary effect whatever to the many years intervening before any claim for permanent and total disability was asserted, we are satisfied that Linkhart's own statement of his activities during these years falls far short of showing any more than a partial disability, which is quite the antithesis of the total disability which the insurance contract contemplates as a basis for recovery in such an action.

Holding as we do that this record shows at most Linkhart's partial, but not total, disability, the judgment is reversed and the cause is remanded to the District Court.