## UNITED STATES v. BASS.
### No. 4730.

Circuit Court of Appeals, Seventh Circuit.
April 7, 1933.

Oliver M. Loomis, George L. Rulison, and William B. Duff, all of South Bend, Ind., for the United States.

Walter R. Arnold, of South Bend, Ind., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and WILKERSON, District Judge.

WILKERSON, District Judge.

The appeal by the United States is from a judgment after verdict in an action upon a war risk insurance policy.

Appellee has filed a motion to strike the bill of exceptions on the ground that it was approved and filed at a time when the District Court had lost jurisdiction. The judgment was entered on October 3, 1931, at the February term of the District Court and defendant was allowed ninety days within

468

which to file a bill of exceptions. The February term of the District Court ended on October 5, 1931, at which time the October term of the court commenced. On December 31, 1931, at the October term and within the time fixed in the order of October 3, 1931, the District Court made an order extending the time for the bill of exceptions until January 25, 1932. The bill of exceptions was approved and filed on January 19, 1932. The motion to strike is denied. In re Bills of Exceptions (C. C. A.) 37 F.(2d) 849; Cudahy Packing Co. v. Omaha (C. C. A.) 24 F.(2d) 3; Stickel v. United States (C. C. A.) 294 F. 808, 810; O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827, and kindred cases, in which the time for allowing bills of exceptions was expressly limited by standing rule, are not controlling here.

The grounds upon which a reversal is sought are: (1) The alleged failure of plaintiff to show the jurisdictional fact of disagreement between plaintiff and the Veterans' Bureau; (2) statements by the trial judge indicating his opinion that such a disagreement had been shown; (3) admission of improper hearsay evidence on the issue of disagreement with the bureau; (4) insufficiency of the evidence of total and permanent disability to sustain the recovery; and (5) the exclusion of evidence offered by defendant on the issue of disability.

Reversal is sought by the United States on the ground that there is no substantial evidence of a disagreement between appellee and the Veterans' Bureau as required by Act of June 7, 1924, c. 320, § 19, 43 Stat. 612, as amended by Act of March 4, 1925, c. 553, § 2, 43 Stat. 1302, 38 USCA § 445. That act authorized suit against the United States "in the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder." By Act of July 3, 1930, c. 849, § 4, 46 Stat. 992, 38 USCA § 445, the law was amended as follows: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act. * * * "

The instant suit was brought on August 10, 1927. The language of the act as to disagreement was, prior to the amendment of 1930, general in its terms. All that was required as a condition precedent to maintaining the suit against the United States was proof of disagreement between the bureau and the claimant. The formalities as to claims and denials thereof required by the amendment of 1930 were not in the law at the time this plaintiff brought his suit. We think that the evidence is sufficient to sustain the verdict of the jury that there was a disagreement between the claimant and the bureau within the meaning of the law prior to the amendment of 1930. The claimant testified that he had mailed several demands to the director of the Veterans' Bureau for settlement of his insurance. In 1925 George W. Ray, a retired business man and a former newspaper publisher, presented the claim of Bass to the bureau. Ray saw the director of the Veterans' Bureau, who referred him to an assistant and this assistant in turn referred him to some one else. Ray was finally referred to the head of the department with which he had to deal. In January, 1926, he received a letter referring to his appearance before the bureau and notifying him of the allowance of compensation to Bass. Bass had lost his policy and Ray took up the matter of its reissuance with the bureau. Ray again saw the director of the bureau and told him that he wanted the policy reissued or a duplicate furnished for a claim thereunder. The director called in his assistant and told the assistant what Ray wanted. Ray was referred in due course to the head of the war risk insurance division. That official said that Bass had no claim, that they were not reissuing policies, and that this policy had lapsed. On the next day Ray saw him again and was informed that the matter had been taken up with the director of the bureau who had rejected the claim and refused to pay it. In view of this and other evidence it is our opinion that there was evidence which warranted the jury in finding that the condition of the statute as it existed prior to the amendment of 1930 was complied with.

The numerous conferences which the Veterans' Bureau had with Ray and the letters which it sent to him in January, 1926, sufficiently established that the bureau recognized him as a representative of Bass. Bass himself testified that he had sent two written claims to the director and Ray testified to his repeated conferences with the Veterans' Bureau with reference to the claim and its rejection. If Ray's testimony is considered

alone, still until the amendment of 1930 there was no statutory requirement as to the form of the claim, and no reason is perceived why the director could not consider a claim presented in any form satisfactory to him. His consideration of the claim would itself have the effect of a regulation for that particular case. The arguments of appellant based upon the regulations were proper in argument to the jury as to the credibility and weight of the evidence presented. As to disagreement with the director personally, the evidence shows that Ray dealt with the assistant to whom he was referred by the director and received from that assistant the notice that the claim had been disallowed. Moreover, prior to the amendment of 1930, the statute did not provide that the disagreement must be with the director personally. The only requirement was a disagreement with the bureau. The passage of the amendment of 1930 would indicate an understanding that the statute in its original form should not be construed so as to include the requirements of the amendment of 1930.

Complaint is made by appellant as to remarks by the court during the trial which indicated an opinion by the court that the evidence showed a disagreement between claimant and the bureau. The record does not show objection or exception to the remarks and the instructions of the court are not in the record. With the record in this condition we must assume that the error, if any, was cured in the charge to the jury. In this connection it should not be overlooked that the suit had been pending four years at the time of the trial, and that if the bureau thought the plaintiff was entitled to the insurance it could have made an award even after the suit was brought as was done in Dobbie v. United States (D. C.) 19 F.(2d) 656.

Appellant urges as error the admission of Ray's evidence to the effect that he was told by an assistant of the director that the director had disallowed the claim. It appears that the conversation as to which Ray gave evidence was with the assistant to whom he had been specifically referred by the director and that the assistant was in charge of the division of the bureau with which it was necessary to deal.

Counsel for the United States assert that the evidence of permanent and total disability is insufficient to sustain the verdict of the jury. Appellee testified that he had influenza in France and shortly thereafter, before he had fully recovered, he inhaled some gas while testing a gas mask, and then later had pneumonia; that his lungs began to hurt, he developed a chronic cough, began to expectorate blood from time to time, was incapable of ordinary sustained exertion, felt generally weak and run down most of the time, was sick most of the time although not actually off duty; that this condition existed when he was discharged on June 18, 1919; that his best weight was 145 pounds, but at the time of the trial in 1931 his weight was between 115 and 120 pounds; that from time to time after his discharge he tried to work but could do so only for a few days at a time, his efforts to work being followed by reactions of weakness resulting in his being confined to bed; that he tried both inside work and outside work and even went to a hot and dry climate in Texas, but the result was the same. He testified at the trial in 1931 that since 1927 his condition had been getting worse; that if he should try to work he would in a day have to go to bed; that he could not exert himself for a day and could not stand two hours' hard exertion; that he still had his cough which came mostly at night; that he felt weakest in the afternoon; that he had not done much of anything and had not been earning any money.

The evidence showed that in 1921 in Texas he applied to the Veterans' Bureau at Waco for compensation and for the six years following he spent considerable of his time in hospitals; that he was hospitalized about a dozen times for varying lengths of time and examined a great number of times; that his disability was considered as of service connection; that the diagnosis generally was tuberculosis, either active, quiescent, or arrested, and once chronic bronchitis; that in 1923 the Veterans' Bureau doctors recommended that his rating of temporary total disability for tuberculosis be continued, and that in 1926 the director of the Veterans' Bureau approved a rating of permanent but partial disability from tuberculosis. Unquestionably the veteran was under some disability, the extent, permanency, and effect of which was a proper question for the jury upon the evidence submitted. The evidence of disease appeared from the report of the bureau itself, as well as from the testimony of appellee. The effect of the disease appeared in the evidence of plaintiff's inability to work and his frequent hospitalizations. The period of more than ten years between the time of his discharge and the time of trial in 1931, during which there was evidence of his illness, inability to work, and hospitalizations, gave some indication of the permanency of his disability. The testimony indicates that he tried to work. Under the decisions of this court in

United States v. Tyrakowski, 50 F.(2d) 766, 768, 770, Malavski v. United States, 43 F. (2d) 974, and Vance v. United States, 43 F. (2d) 975, there was sufficient evidence to warrant submitting the question of total and permanent disability. The facts, in our opinion, differ materially from those in United States v. Linkhart, 64 F.(2d) 747, decided by this court on April 4, 1933, in which we held that the evidence was not sufficient to warrant a finding of total and permanent disability.

■ Error is assigned as to the exclusion by the trial court of a paper in the files of the bureau which it is claimed was admissible as an official record. The paper in question was a request made in 1921 by the War Risk Insurance Bureau to the Adjutant General's office for information with reference to the record of Bass on which some blanks had been filled in by the Adjutant General's office. One of the blanks so filled in states, "The records of this office show no disability at time of discharge. No medical record found." If proof was to be made of a record of the Adjutant General's office as to the medical record of Bass, either the original record or a copy thereof, duly authenticated, should have been produced (28 USCA § 661). Proof that something is not to be found in the records may not be made by a mere certificate of the custodian, but must be shown by testimony with opportunity to cross-examine. Wigmore on Evidence, § 1678, page 2109. See, also, Cross v. Pinckneyville M. Co., 17 Ill. 54; Beardstown v. Virginia, 81 Ill. 541, 544; Polk's Lessee v. Wendell, 5 Wheat. 293, 310, 311, 5 L. Ed. 92. Nor was the paper in question a record required to be kept within the rule [Sprencel v. United States (C. C. A.) 47 F.(2d) 501, 507], permitting reports and other records of governmental departments to be introduced in evidence on the ground that they are records required by law to be kept. The record required by law to be kept was the original report of medical examination.

■ Error is also assigned on the ruling of the trial judge sustaining an objection to questions asked of two physicians for their opinion as to whether or not Bass was totally and permanently disabled. That was the very question to be determined by the jury and the trial judge permitted full inquiry as to the basic facts from which the conclusion was to be drawn.

The judgment of the District Court is affirmed.