NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RUSSELL L. BAILEY,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7052

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-0465, Judge Lawrence B. Hagel.

---

Decided: July 10, 2013

---

RUSSELL L. BAILEY, of Harts, West Virginia, pro se.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MARTIN

J. SENDEK, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, BRYSON, and PROST, *Circuit Judges.*

PER CURIAM.

Russell L. Bailey appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans Appeals ("Board") that denied his claim for disability benefits. We affirm.

## BACKGROUND

Mr. Bailey served in the United States Air Force from January 1977 to December 1980. His separation examination report, dated October 8, 1980, indicates that at the time of his separation from service, apart from noted preexisting conditions, he was "normal" in all aspects evaluated. In his report of medical history, completed on the same day, he himself wrote that he was in "excellent" health.

At the time of Mr. Bailey's most recent claim for increased benefits for additional disabilities, he had a combined disability rating of 80% and was being paid at the 100% level based upon individual unemployability. On July 30, 2010, a Regional Office ("RO") of the Department of Veterans Affairs ("VA") notified Mr. Bailey of its decision to deny his additional claims for service connection, but noted that his combined rating and individual unemployability payments will continue unchanged.

On February 1, 2011, the Board affirmed the RO's rating decision denying benefits for fifteen disabilities for which Mr. Bailey claimed service connection, and remanded for further consideration of service connection for two other disabilities. In response to Mr. Bailey's general assertion that the copies of the October 1980 separation examination report and report of medical history in the

record had been altered to his detriment, the Board determined that the VA had satisfied its duty to assist under 38 U.S.C. § 5103A, having made reasonable efforts to obtain all "identified and available VA and private medical records" necessary to determine his claims. In particular, the Board noted that the RO had submitted numerous records requests to the National Personnel Records Center, an Air Force Base, a Naval Station, as well as several private physicians. Indeed, the Board found that Mr. Bailey's claims file contains several hundred pages of service medical records, including x-rays, bone scans, personal statements, and the October 1980 reports, all of which appear to be authentic and complete. Finally, the Board found that "there is no indication that there are any relevant outstanding medical records to be procured."

In his appeal of the Board's decision to the Veterans Court, Mr. Bailey raised a single argument: the VA failed to comply with its duty to assist in failing to obtain the *original* October 1980 separation examination report because the photocopy version of it in the record did not appear to be authentic. On August 28, 2012, the Veterans Court rejected Mr. Bailey's argument, noting that the Board found the record to be replete with requests to and responses by various entities for Mr. Bailey's medical records, as evidenced by a voluminous claims file containing copies of official documents that appear to be both authentic and complete. In addition, the Veterans Court noted that in a previous appeal which resulted in a partial remand in April 2008, it had already found that there is no evidence that the copies of the reports in Mr. Bailey's claims files are other than exact replicas of the originals, and that the VA has exhausted efforts to procure originals of these records. Finally, the Veterans Court noted that Mr. Bailey may have waived the instant authenticity challenge in having failed to raise it in one of his prior appeals. Accordingly, the Veterans Court concluded that the Board's determination that the VA satisfied its duty to assist is not clearly erroneous.

Mr. Bailey filed a timely motion for reconsideration with the Veterans Court, which was denied. After judgment was entered on December 13, 2012, Mr. Bailey timely appealed to this court.

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We review a statutory interpretation by the Veterans Court de novo. *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005). However, we may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

Giving Mr. Bailey's informal briefing the broadest latitude, we identify two bases for Mr. Bailey's appeal. He asserts that both the language of 38 U.S.C. § 5103A and *United States v. Bass*, 64 F.2d 467 (7th Cir. 1933), require the VA to obtain an original copy of his separation examination report in order to comply with its duty to assist.

With respect to the statute, 38 U.S.C. § 5103A(a)(1) requires the VA to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit." However, 38 U.S.C. § 5103A(a)(2) provides that such assistance "is not required . . . if no reasonable possibility exists that [it] would aid in substantiating the claim." Subsections (b) and (c) of § 5103A then limit the VA's duty to assist to obtaining only records that are "relevant to the claim."

Thus, the duty to assist is not boundless in scope. The plain language of the statute requires the VA to make reasonable efforts to obtain only the relevant records that are necessary to and would aid in substantiating a veteran's claim. *See Golz v. Shinseki*, 590 F.3d 1317, 1320

(Fed. Cir. 2010). Accordingly, the Veterans Court did not err when it interpreted 38 U.S.C. § 5103A not to require the VA to obtain an original copy of the identified record, especially when relevancy, necessity, and availability of the record are concerned.

Second, Mr. Bailey's reliance on *United States v. Bass* is misplaced. That case, which, in dicta, discussed the Best Evidence Rule and the business record exception to the Hearsay Rule in the context of a war risk insurance policy suit, has no bearing on the interpretation of 38 U.S.C. § 5103A, enacted decades later.

Because the Veterans Court correctly interpreted the VA's duty to assist as found in 38 U.S.C. § 5103A, the judgment of the Veterans Court is affirmed.

## AFFIRMED

### COSTS

Each side shall bear its own costs.