## BOAN v. UNITED STATES.

District Court, D. Idaho, E. D.

March 16, 1933.

H. E. Ray, U. S. Dist. Atty., and Ralph R. Breshears, Asst. U. S. Dist. Atty., both of Boise, Idaho.

B. F. Delana, of Boise, Idaho, for plaintiff.

CAVANAH, District Judge.

Defendant moves to dismiss this action, after plaintiff stating that he would intro-duce no more evidence bearing upon the question of disagreement. To confer jurisdiction upon federal courts in this class of cases, a disagreement must have existed. The provision of the statute relating to this question will be found in section 445, tit. 38, USCA, and the amendment of date May 29, 1928, and July 3, 1930, § 4, to the act governing the procedure in the presentation of claims on war risk insurance policies, and the time within which suit may be brought thereon. This amendment provides: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930."

It is further provided: "That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

The denial of a claim shall be by the director, or, in case of an appeal, by either the director, or some one the director may name, some one acting in his name. Prior to November 1, 1931, to constitute a disagreement, it had to be with the director, or, in case of an appeal from the insurance claims council, by some one named by him, to act for him.

The regulation, adopted November 1, 1931, section 3201, paragraph "c", provides: "The insurance claims council is vested with exclusive jurisdiction in rendering decisions terminating total and permanent disability and total disability for insurance purposes which had previously been established in cases in which payments of insurance benefits had been made founded upon such previous decisions."

Further, in the regulation, in paragraph "e," it is provided: "The insurance claims council is vested with exclusive jurisdiction in rendering decisions upon the physical condition of applicants for insurance under sections 310 and 311 of the World War veterans' act and all applicants for re-instatement of lapsed insurance and under all circumstances rendering such decisions as may be necessary for insurance purposes."

Now section 3204 of this regulation provides: "Where the insurance claims council finds that permanent and total disability does not exist as alleged, such denial shall be final. However, the veteran or his representative shall have the right of appeal to the administrator from any finding made pursuant to the authority contained in sections 3200 to 3203 providing such appeal be exercised within

sixty days from the date of receipt of notice of the final action of the council. Such appeal must be in writing and otherwise comply with the regulations governing appeals to the administrator."

Section 3107 of the regulation provides: "If a decision is rendered by the insurance claims council adverse to the allegations made by the claimant, a letter so advising the claimant will be concurrently prepared and sent to the claimant at his last address of record. Said letter will advise the claimant the date on which the council denied the claim, and that the claimant may consider such denial final for purposes of instituting suit under section 19 of the World War veterans' act, 1924, as amended. Said letter should further advise the claimant that if he accepts the denial of the claim by the council as final, the suspension of the statute of limitations provided by section 19 shall cease from and after the date of this letter plus the number of days usually required by the post office department for the transmission of regular mail from Washington, D. C., to the claimant's last address of record, and that his case folder has been forwarded to the appropriate office or station (giving name and address of office or station) and that any future inquiries should be directed to that office or station. If an appeal is filed the case file, together with the appeal, will be forwarded by the regional office to the administrator, through the director of insurance, who shall at the time of forwarding the same indicate his approval or disapproval of the decision of the insurance claims council, from which appeal is taken."

Thus we see that under the statute, and the amendment thereto and the regulation, that prior to November 1, 1931, the director is the only one who could finally cause a disagreement, or, in case of an appeal from the decision of the insurance claims council, some one he may designate to act for him.

 What then is the evidence here as to what has happened before November 1, 1931, when the regulation was adopted?

Plaintiff's Exhibit No. 5 is a letter from the director of insurance, H. L. McCoy, who I understand is not the director which the statute names as the one to pass upon disagreements. That is dated July 21, 1931, addressed to the insured, and reads:

"This is with further reference to the above entitled claim. You are informed that a decision has been rendered by the insurance claims council to the effect that the evidence is not sufficient to establish as a fact that the

former insured was totally and permanently disabled at a time when the contract of insurance was in force, and therefore the claim has been denied.

"The claimant may appeal from the decision to the Administrator of Veterans' Affairs by giving notice in writing to this office within sixty days from date of this letter. If claim is not appealed within the time limit, the council's decision will be referred for approval to the Administrator of Veterans' Affairs.

"[Signed] H. L. McCoy,
"Director of Insurance."

On November 25, 1931, the director of insurance, who I understand was not the director we speak of in the act, sent to the insured here a letter (Plaintiff's Exhibit No. 6), which reads as follows:

"This is with further reference to the above entitled claim. You have been informed that a decision was rendered on July 21, 1931, by the insurance claims council to the effect that the evidence is not sufficient to establish as a fact that the former insured was totally and permanently disabled at a time when the contract of insurance was in force, and therefore the claim has been denied.

"You may consider such denial final for the purposes of instituting suit under section 19 of the World War Veterans' Act, 1924, as amended.

"If you accept the denial of the claim by the council as final, the suspension of the statute of limitations provided by section 19 shall cease from and after the date of this letter plus the number of days usually required by the post office department for the transmission of regular mail from Washington, D. C., to your last address of record.

"Your case folder is being forwarded to the Veterans' Administration at Boise, Idaho. Any further inquiries concerning your claim should be directed to that office. The letter forwarded to you under date of July 21, 1931, is amended accordingly.

"[Signed] H. L. McCoy,
"Director of Insurance."

Now the power to make rules and regulations under the World War Veterans' Act is granted to the director where not inconsistent with the act, and the courts will take judicial notice of the rules and regulations. In the Carson Case that question was disposed of [see (D. C.) 37 F.(2d) 946, (D. C.) 40 F. (2d) 967]. The official act may be performed by the director, or officer designated

to act for him, which was done under the regulation of November 1, 1931. Having authority to do so, on November 1, 1931, he designated the insurance claims council to make final decision on these disputed claims, which constitutes a denial. Now up to that time in July the insurance claims council had no authority to grant a denial. No one but the director of insurance, or, in case of an appeal, some one named to act for him, could do so. No appeal was taken. The director, therefore, up to that time had no one to represent him. The director had not passed upon it. So Plaintiff's Exhibit No. 5 does not show that there had been any disposition of the claim as provided by the act in force at that time and prior to the regulation of November 1, 1931. Therefore, as the claim stood under the law, the director had not passed upon it. The insurance claims council had acted, and the plaintiff had a right to appeal if he wanted to, but he did not appeal. In the absence of a particular act, there had been no denial or disagreement at that time. This man's claim stood not acted upon by any legal official provided by law at that time, which was the director, or, in case of an appeal, one whom he would designate. Now we have a claim standing in abeyance. Up until the letter of November 25, 1931, plaintiff had a right to assume that the claim had not been acted upon, because in fact it had not by any legal officer authorized to act. It had been denied only by the insurance claims council, who did not have authority at that time to order a denial or disagreement. So we have a claim standing before the department not acted upon. Plaintiff had a right to wait for further advice. Now on November 25, 1931, he received the letter, Exhibit No. 6, in which the department states that they have adopted the rules of November 1, 1931, and have granted to the insurance claims council authority to deny claims, which was a final denial. They write this letter, after those regulations are in force, and which are binding here, telling him that he may now consider the action of the insurance claims council, back in July, as their action now. They amend the letter of July 21, 1931, saying, "The letter forwarded to you under date of July 21, 1931, is amended accordingly." They adopt that as the record of the council, and send this man word that his claim is disallowed, on November 25, 1931. He brings his suit on December 21, 1931, within forty-one days, under the law as I interpreted it in the Carson Case, from the time he received final action, and I now interpret that this final action or dis-

agreement did not occur until receipt of the letter of November 25, 1931. The government put this man in this position. He filed his claim back in July, and the insurance claims council acted upon it—which was the body to act, but not the body to declare a disagreement under the law. He had a right to appeal, had he so desired. He did not appeal, and the claim just stands there not acted upon. He was waiting for the director to act upon it. If he had brought suit, it would have been prematurely brought. There was no disagreement. He could not have done otherwise. Now they come along in November and adopt the rules and regulations in which the director transfers authority to the insurance claims council to deny these claims and create a disagreement. The first notice this man gets is Plaintiff's Exhibit No. 6, the letter of November 25, 1931, in which they tell him for the first time that the insurance claims council had disallowed his claim, and they have adopted the record made back in July as the record in November. It is not a question of being retroactive at all. They pick up the record and bring it over from July to November, and say that this is now the record we are making at this time. This man gets the notice, and brings suit within forty-one days. The case should be heard.

Motion to dismiss is denied.