## RAYMOND v. UNITED STATES.
### No. 650.

District Court, W. D. Missouri, S. D.
Sept. 13, 1933.

E. G. Penland and W. R. Moore, both of Kansas City, Mo., for plaintiff.

Wm. L. Vandeventer and Thomas J. Layson, both of Kansas City, Mo., for the United States.

REEVES, District Judge.

This is a suit under the war risk insurance act.

The plaintiff was inducted into the military service of the United States, and in legal contemplation held a policy of insurance in the sum of $10,000 payable at the rate of $57.50 per month upon condition of total and permanent disability accruing to him while the policy was in force.

On May 9, 1931, plaintiff's wife wrote the Veterans' Administration of War Risk Insurance at Washington, D. C., advising that the plaintiff had been totally and permanently disabled since his discharge from the Army, and on behalf of the plaintiff demanded payment in accordance with the terms of the policy contract.

In response to this letter, under date of June 5, 1931, the department said:

"Further reference is made to your claim for insurance benefits.

"Before further action can be taken on said claim, it will be necessary that the attached Forms 579 be properly executed in duplicate, together with Form 535, and returned to this office.

"* * * * Upon receipt of the above requested information, further consideration will be given your claim for insurance benefits."

On December 20, 1932, H. L. McCoy, Director of Insurance, wrote the plaintiff:

"That a decision was rendered on December 17, 1932, by the Insurance Claims Council to the effect that the evidence is not sufficient to establish as a fact that the former insured was totally and permanently disabled at a time when the contract of insurance was in force, and therefore the claim has been denied.

"You may consider such denial final for the purposes of instituting suit under Section 19 of the World War Veterans' Act, 1924, as amended.

"If you accept the denial of the claim by the Council as final, the suspension of the statute of limitations provided by Section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C., to your last address of record."

The government has moved to dismiss the petition upon two grounds: (a) Because the letter dated May 9, 1931, from plaintiff's wife, was not a claim within the purview of the law; and (b) because the plaintiff had not exhausted his administrative remedy by appealing from the decision of the Insurance Claims Council to the Administrator of Veterans' Affairs.

■ 1. On the question as to what constitutes a claim, section 445, title 38, U. S. C. (38 USCA § 445), defines: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits."

The wife of the plaintiff acted as his agent in writing the letter of May 9, 1931. In that letter the department was advised that the plaintiff was totally and permanently disabled when he was discharged from the Army. At that time, according to the petition, his in-

surance was in full force and effect. Moreover, the department recognized the letter as "your claim for insurance benefits." There was no misunderstanding on that question, and this point must be ruled against the defendant.

2. By section 11a, title 38 U. S. C. (38 USCA § 11a), an enactment approved July 3, 1930, provision was made for an Administrator of Veterans' Affairs, and: "Such administrator, under the direction of the President, shall have the control, direction, and management of the various agencies and activities enumerated in and referred to in section 11 of this chapter. * * * *All final decisions or orders of any division, bureau, or board in the Veterans' Administration shall be subject to review, on appeal, by such administrator."*

The Congress contemplated delay in the transfer of veterans' affairs to the administrator to be appointed by the President, and enacted other legislation at the same time in relation to the officer named as the Director of Veterans' Affairs. By such enactment it was provided (section 426, title 38, U. S. C. [38 USCA § 426]): "All officers and employees of the bureau shall perform such duties as may be assigned them by the director. *All official acts performed by such officers or employees specially designated therefor by the director shall have the same force and effect as though performed by the director in person.* * * * The director shall adopt reasonable and proper rules to govern the procedure of the divisions and to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits of * * * insurance."

The Administrator of Veterans' Affairs, pursuant to the authority thus conferred, promulgated a series of regulations. Under date of November 1, 1931, a regulation then promulgated specifically provided that: "Where the Insurance Claims Council finds that permanent and total disability does not exist as alleged, such denial shall be final, except as hereinafter provided."

The exception was in favor of the claimant and permitted him, if he so desired, to appeal to the administrator. The letter of December 20, 1932, was written in view of this regulation. The claimant was then advised of his right either to appeal to the administrator or to accept the denial as final.

Such regulation was not inconsistent with section 11a, title 38, U. S. C. (38 USCA § 11a), supra, which provides that: "All final decisions or orders of any division, bureau, or board in the Veterans' Administration shall be subject to review, on appeal, by such administrator."

It was not mandatory that the administrator should review as a condition precedent to suit. But it was a right granted to the claimant. The Attorney General, in an opinion, so construed the statute. Moreover, the same view was reinforced by an administrative order dated November 13, 1931. By this order the administrator confirmed all of the decisions of the Insurance Claims Council where no appeal had been taken. Furthermore, this order became prospective by the use of the following language: "And the denial of such claims by such Council, in the absence of an appeal within the prescribed period, constitutes a disagreement under Section 19 of the World War Veterans' Act of 1924 as amended as far as the Veterans' Administration is concerned."

In the case of Taylor v. U. S., 57 F.(2d) 331, 333, one of the district judges in a district of North Carolina, in considering a similar situation, quoted from the report of the Senate Finance Committee in connection with the Act of July 3, 1930: "It has for its purpose the establishment of a definite rule that before suit is brought a claimant must make a claim for insurance and prosecute his cause on appeal through the appellate agencies of the Bureau before he shall have the right to enter suit. Your Committee felt in view of the fact that the Government has set up in the Bureau expensive machinery for hearing claims it was unfair for a veteran to disregard this machinery on the basis of disallowance of his claim by some subordinate board and enter suit."

Notwithstanding this report of an important Committee of the Senate, yet for the purpose of relieving the director or administrator of many of the onerous duties of his office, a provision was inserted in the act to the effect that: "All official acts performed by such officers or employees specially designated therefor by the director shall have the same force and effect as though performed by the director in person."

Clothed with authority under this statute to do so, the director, under date of November 1, 1931, promulgated a regulation as follows: "The insurance Claims Council is vested with exclusive jurisdiction in rendering decisions upon the physical conditions of applicants for insurance under Section 310 and 311 of the World War Veterans' Act." And: "Where the Insurance Claims Council finds

that permanent and total disability does not exist as alleged, such denial shall be final."

However, the veteran or his representative shall have the right of appeal to the administrator from any finding made pursuant to the authority contained in section 3200 to 3203, providing such appeal be exercised within 60 days from date of receipt of notice of the final action of the council. And then section 3107 of the Regulations specifically provided that: "If a decision is rendered by the Insurance Claims Council adverse to the allegations made by the claimant, a letter so advising the claimant will be concurrently prepared and sent to the claimant at his last address of record. Said letter will advise the claimant the date on which the council denied the claim, and that the claimant may consider such denial final for purposes of instituting suit under Section 19 of the World War Veterans' Act, 1924, as amended. Said letter should further advise the claimant that if he accepts the denial of the claim by the council as final, the suspension of the statute of limitations provided by Section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C., to the claimant's last address of record."

This is exactly what was done in the instant case. The letter of denial or disagreement signed by the director was similar to the letter transmitted in Boan v. U. S. (D. C.) 3 F. Supp. 219.

It should be noted that in Westling v. United States, 64 F.(2d) 246, loc. cit. 466, the Ninth Circuit Court of Appeals placed a restriction upon the decision in United States v. Densmore (C. C. A.) 58 F.(2d) 748. In the Densmore Case the court wanted it understood it was the insufficiency of the claim, and not the matter of disagreement that ruled the case.

The motion to dismiss should be, and is, overruled. It is so ordered.