## CHICAGO BANK OF COMMERCE et al. v. UNITED STATES.
### No. 40193.

District Court, N. D. Illinois, E. D.
Feb. 20, 1935.

Cross & Cross, of Chicago, Ill., for plaintiff.

Dwight H. Green, U. S. Atty., Edmond Sullivan, Asst. U. S. Atty., and Frederic H. Maughmer, Atty., Department of Justice, all of Chicago, Ill., for the United States.

LINDLEY, District Judge.

Plaintiff brings this suit to recover war risk insurance. Defendant has filed a plea in abatement.

Claim for insurance benefits was filed June 4, 1931. On July 15, 1931, the Insurance Claims Council decided that the evidence was not sufficient to sustain the claim, and notified plaintiff that it might appeal within sixty days to the Administrator, and that, if not appealed at the end of the said time limit, the decision would be referred to the Administrator for his approval or disapproval. No appeal was taken. A second letter was received from the Director on November 12, 1931, notifying plaintiff that it might consider the denial previously made by the council as final denial and basis for suit.

Under the statute, World War Veterans' Act 1924, § 19, as amended by Act July 3, 1930, § 4 (38 USCA § 445) this suit was barred by the statute of limitations if the decision of the council in July was final for the purpose of beginning suit; but if the final denial did not occur until November 1st, then the suit was filed in proper time.

I am of the opinion that, under the Regulations of March 16, 1931, it was the intent that the Administrator of Veterans' Affairs should make the ultimate decision as to whether or not a claim for war risk insurance should be allowed. There is nothing in the regulations to indicate that it was the intent thereof that there should be delegated to the Insurance Claims Council the right to make a decision which could be the basis for disagreement. On the contrary, the language indicates that after an interlocutory decision shall have been made by the Insurance Claims Council, at the end of sixty days, the decision with the case folder would be referred to the Administrator for his approval or disapproval of such decision.

I fail to find in the language used any limitation upon the expressed intention that there should be reserved to the Administrator final authority to make a decision by approving or disapproving what the council had done. Consequently, the decision of the council entered in July, 1931, in this case was of no effect at that time as a final disagreement.

On November 1, 1931, Administrative Regulation No. 3107 was promulgated, providing that when decisions had been made by the council, notice of such decision should be given to the claimant and he should be notified that the same could be made the basis for a disagreement. Obviously, this regulation could not extend the statute of limitations, but it was the act of the Administrator who was and had been at all times vested with power and authority to deny a claim and thus create a disagreement. The previous regulations had not disclosed such an intention upon his part with regard to the decisions of the council to make the same bases for disagreement, but by his official act of November 1st as Administrator he clearly delegated this power to the council. Congress has approved such delegation in its resolution of January, 1935.

Consequently, when the Director wrote his letter of November 12, 1931, stating that the decision could be made the basis for disagreement, it was the first official act of the Department making such decision a denial which could be made the basis of suit. This was not an extension of the statute of limitations, but declarative administrative action. It was action for the first time making official and effective the decision of the council. In other words, all decisions of the council entered between March, 1931, and November 1, 1931, were, in my opinion, merely advisory opinions with nothing in the law or the regulations to indicate that they could be considered denials which could be made the basis for suit. No official denial of the claim was made, until, by the regulations of November 1, 1931, the administrator definitely and officially adopted such decision as had been made by the council as proper basis for suit. Consequently, the limitation for beginning suit runs from the date of the official act, November 1, 1931. This suit having been filed within the statutory period thereafter, the court has jurisdiction.

I agree with the decision of Boan v. United States (D. C.) 3 F.Supp. 219, but do not assent to all of the reasoning there announced.

The order heretofore entered sustaining the plea in abatement is vacated, and defendant may have leave to file proper plea herein within ten days from this date.