

Ray H. Jenkins, of Knoxville, Tenn., for plaintiff.

Hodges & Doughty, of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

Upon consideration of the motion filed by defendant to strike this cause from the jury calendar, and reset the cause for trial before the court without a jury, and it appearing from the pleadings that the cause is a jury action, and demand for jury was made in the complaint at the time the suit was filed in the State court and before the cause was removed to this court, and that therefore plaintiff has not waived his right for trial by jury under paragraph (c) of Rule 81 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c it is therefore ordered that defendant's motion to strike be, and the same is, denied.

Thomas E. Mitchell, of Johnson City, Tenn., for plaintiff.

James B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn.

TAYLOR, District Judge.

For reasons apparent upon the face of the petition, the defendant's demurrer, treated as a motion to dismiss, will be sustained.

Under settled rules applicable to pleadings, the petition must contain a statement of facts, as distinguished from mere conclusions of the pleader, which show the existence of a cause of action. In suits on contracts of war risk insurance, the pleading should show that the action sought to be maintained is within the consent of the sovereign in every respect, including the statutes limiting the time within which, after the accrual of the cause of action, suit thereon is maintainable.

If plaintiff has a cause of action, let the petition clearly show it.

## LEWIS v. UNITED STATES.
### No. 980.

District Court, E. D. Tennessee.
Dec. 15, 1939.

## DUARTE v. CHRISTIE SCOW CORPORATION.

District Court, S. D. New York.
March 14, 1939.

