## KING v. UNITED STATES.
### No. 454–Civ.

District Court, M. D. Pennsylvania.

Oct. 15, 1940.

Joseph J. Walsh, of Scranton, Pa., for plaintiff.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa. (Samuel M. Gold, Atty., U. S. Department of Justice of New York City, of counsel), for government.

WATSON, District Judge.

This case is before the Court for determination of a motion to dismiss the Complaint because it fails to state a cause of action upon which relief can be granted.

The Complaint alleges that the Plaintiff is the administrator of the estate of Bernard J. King, and that said Bernard J. King had applied for and was granted a policy of War Risk Insurance in the sum of $10,000; that Bernard J. King was permanently disabled on April 10, 1919 while the policy was still in force and effect; that a claim was filed with the United States Veterans' Administration for payments under the policy that the claim was refused and that a disagreement exists and, that Bernard J. King died on May 10, 1926. This action was instituted May 27, 1940.

The Defendant contends that the Complaint must be dismissed for the reason that the Plaintiff does not allege a valid claim within the provisions of 38 U.S.C.A. § 445. This Act provides in part that: "No suit on yearly renewal term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date * * *: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * * *"

In this case, the six year period within which the action could have been brought expired prior to July 3, 1930, and, therefore, the last date upon which Plaintiff might have brought the suit was July 3, 1931. The Plaintiff has failed to allege any facts which would suspend the limitation of the statute from July 3, 1931 to May 27, 1940, the date of the institution of this action. The question presented is whether or not this action should be dismissed because the Complaint failed to contain allegations showing that the action was brought within the limitation period. I consider that as the Complaint fails to contain such allegations, Plaintiff has failed to state a cause of action, and, therefore, this suit must be dismissed. United States v. Valndza, 6 Cir., 81 F.2d 615; Bigley v. United States, D.C., 6 F.Supp. 748; Lewis v. United States, D.C., 27 F.Supp. 894.