**ANDREWS et al. v. UNITED STATES.**

No. 73–53.

United States Court of Claims.

Nov. 3, 1953.

Clifford C. Kaslow, Washington, D. C., Michael F. Mangan, Washington, D. C., on the briefs, for plaintiffs.

Kendall M. Barnes, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

Each of the plaintiffs was an employee of the Alaska Road Commission whose rate of pay was set by a wage board. Each presented to the Comptroller General of the United States a claim for overtime pay to which he claimed he was entitled under Section 23 of the Act of March 28, 1934, 48 Stat. 522, 5 U.S.C.A. § 673c. The Comptroller General, after consideration of the claims, sent each of the plaintiffs a "Notice of Settlement of Claims," stating a specified sum to which, the Comptroller General had concluded, the claimant was entitled. · None of the claims were paid, because there was no appropriated money available to pay them.

In the case of Marr v. United States, 123 Ct.Cl. 474, certiorari denied 345 U.S. 956, 73 S.Ct. 937, we held that a "Notice of Settlement of Claim" sent to an employee of the Alaska Road Commission who had presented a claim similar to those presented by the instant plaintiffs, and the acquiescence by the claimant in the proposed settlement, created an accord between the claimant and the Government which gave the claimant a cause of action against the Government, independent of the facts constituting the original basis of the claim. The accord was vital to Marr's success because, by the time the suit was filed in this court, the statute of limitations had barred a suit based directly upon the fact that the employee had worked overtime.

The plaintiffs assert that their situation is exactly the one presented in the Marr case, supra, and they move for a summary judgment in their favor. The Government also moves for a summary judgment in its favor, asserting that one fact distinguishes this case from the Marr case, and requires a contrary decision. The asserted distinguishing fact is that the Comptroller General, after Congress had refused to appropriate money to pay the settlements of which he had notified the plaintiffs,[1] directed his staff to cancel the settlements. The direction was given on April 25, 1951, and notices of cancellation were mailed to all the plaintiffs within about sixty days thereafter. This action was some nineteen months before the filing of the petition in the instant case on February 27, 1953.

We find no merit in the Government's contention. If, as we held in the Marr case, supra, the notices of settlement issued by the Comptroller General and the acquiescence in these settlements by the claimants constituted accords, contracts that could be sued upon by the claimants, the Government could not unilaterally cancel such contracts. See any dictionary or text defining the word contract.

The Government's motion for summary judgment is denied. The plaintiffs' motion for summary judgment is granted.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.

---

1. See the Marr case, supra, for the pertinent history of Congressional action.