**ALBIN et al. v. UNITED STATES.**
**No. 239–53.**

United States Court of Claims.
May 4, 1954.

David Rein, Washington, D. C., for plaintiffs. Clifford C. Kaslow and Michael F. Mangan, Washington, D. C., were on the brief.

Kendall M. Barnes, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

MADDEN, Judge.

There are seven plaintiffs in this case, and the Government, yielding to our decisions in Marr v. United States, 106 F. Supp. 204, 123 Ct.Cl. 474, certiorari denied 345 U.S. 956, 73 S.Ct. 937, 97 L.Ed. 1377, and Andrews v. United States, 115 F.Supp. 901, 126 Ct.Cl. 571, consents to the granting of the plaintiffs' motions as to five of the plaintiffs. As to the other two, Ben H. Pratt and John Elmer Peterson, the Government contests liability.

The background of these cases is recited in our decision in the Marr case, supra. The plaintiffs were employees of the Alaska Road Commission, an agency of the United States. The Act of March 28, 1934, 5 U.S.C.A. § 673c, provided that such employees should be paid overtime at one and one-half times the regular rate of pay for work beyond 40 hours per week. They were not so paid, because the statute was erroneously interpreted as not applying to them. Not until 1948 did court decisions make clear that these employees were entitled to the benefits of the 1934 Act. By that time a large part of their claims had been barred by the six year Statute of Limitations. The Comptroller General, however, had the power to consider and settle claims not more than ten years old. The claims were presented to the Comptroller General and he issued certificates of settlement stating the amounts due the several plaintiffs for the period running back to 1938, ten years before the claims were filed.

There was no appropriation available from which these certificates of settlement, based upon such old claims, could be paid, and Congress refused the request of the Alaska Road Commission, made in its appropriation estimate for the fiscal year 1951, to make an appropriation to pay these claims. The plaintiffs thereupon brought these suits, not on the original claims under the Act of March 28, 1934, but on the certificates of settlement issued by the Comptroller General in 1949 or thereafter. We held, in the Marr case, supra, that the plaintiffs there were entitled to recover, because the Comptroller General's certificate of settlement was, when agreed to by the claimants, an accord which gave rise to a new cause of action founded upon the contract of accord.

In the Andrews case, supra, the Government showed that the Comptroller General, having issued certificates of settlement to the plaintiffs there involved, later sent them notices that he was canceling the certificates. The Government urged that the cancellations nullified the effect of the certificates as offers of an accord. We held that, the offers having been accepted before cancellation, the resulting contract could not be abrogated by the unilateral action of the Government.

In the instant cases, the Government shows that, as to the plaintiff Ben H. Pratt, his certificate of settlement was issued July 7, 1950, and was canceled May 31, 1951, and that, as to the plaintiff Peterson, his certificate of settlement was issued May 17, 1950, and was canceled May 31, 1951, but that the instructions of the Comptroller General to cancel the settlements were given on April 25, 1951.

The Government urges that the dates just recited are significant because of the following statutory provision:

"Balances certified by the General Accounting Office, upon the settlement of public accounts, shall be final and conclusive upon the Executive Branch of the Government, except that any person whose accounts may have been settled, the head of the Executive Department, or of the

board, commission, or establishment not under the jurisdiction of an Executive Department, to which the account pertains, or the Comptroller General of the United States, may, within a year, obtain a revision of the said account by the Comptroller General of the United States, whose decision upon such revision shall be final and conclusive upon the Executive Branch of the Government." 31 U.S.C.A. § 74.

The Government says that the one-year provision in the statute just quoted permitted the Comptroller General to effectively cancel his certificate of settlement as to these two plaintiffs.

 As to the plaintiff Peterson, we see nothing whatever in the contention. The Comptroller General did not, within one year, send any communication to the plaintiff. He gave instructions, inside his department, that a communication should be sent, but it was not sent within the year. The statute cannot mean that an internal notation of the intentions of the Comptroller General should have an effect upon his official acts.

The case of the plaintiff Ben H. Pratt requires us to consider the purpose and effect of the quoted statute. It can hardly mean that everything which is officially done by the Comptroller General is only tentative for a year after he does it. If, for example, he approves an item for payment and the fiscal officer of the department concerned pays it, that officer could hardly be held responsible for illegal disbursement of funds because the Comptroller General, within a year, revises the account.

In the Marr case, supra, we held that the Comptroller General was the officer of the Government empowered to reach an accord with claimants against the Government as to disputed accounts. We think that Congress could not have intended by the quoted statute, to make all such agreements tentative for a year thereafter. Further, we think the Comptroller General did not "revise" the accounts which he had certified to these plaintiffs. He purported to "cancel" the certificates because Congress had not appropriated funds to pay them, as he had expected that it would. He did not say that there was any less money legally owing to them than he had certified. Though we are by no means clear as to the effects, in general, of the quoted statute, we think it is not applicable to the instant facts.

The plaintiff, Ben H. Pratt, may have a judgment for $375.12 and the plaintiff, John Elmer Peterson, may have a judgment for $208.01.

The defendant's motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.