**Charles G. ELLIOTT et al.**

v.

**The UNITED STATES.**

No. 292-55.

United States Court of Claims.

March 6, 1956.

# 874

Ray R. Murdock, Washington, D. C., for plaintiffs.

Kendall M. Barnes, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

At various times between March 28, 1934, and April 1, 1945, the plaintiffs were employed by the Alaska Road Commission, an agency of the United States Department of the Interior. They worked in excess of 40 hours per week, and were therefore entitled to be paid at time and one-half for that overtime. They were not so paid, because the Government at that time took the position that the Act of March 28, 1934, 48 Stat. 522, 5 U.S.C.A. § 673c, providing for the payment for overtime was not applicable to the employees of the Alaska Road Commission. This court held in Poggas v. United States, 93 F.Supp. 1009, 96 F. Supp. 609, 118 Ct.Cl. 385, that the Act of March 28, 1934, was applicable to such employees.

The plaintiffs in the case now before us did not file their petition until July 25, 1955. Since the overtime for which they sue was all performed before April 1, 1945, their claims are barred by the six year Statute of Limitations, 28 U.S. C.A. § 2401, unless there are special circumstances which make that statute inapplicable. The plaintiffs say that they are suing, not upon the original causes of action which arose out of their performing the overtime work, but upon new causes of action which arose in 1954 and 1955, at which times an official of the Department of the Interior wrote certain letters to the plaintiff Swetz, and to the attorney for the plaintiffs, concerning the plaintiffs' overtime. The plaintiffs say that these letters constitute clear, unconditional admissions of the existence of the debt at the time the letters were written, and that from these admissions can be implied a promise to pay the debt.

It is of course true that the bar of the Statute of Limitations is removed by the acknowledgment of the debt coupled with a promise, even without any new consideration, to pay the debt. And, in many, perhaps most, circumstances, a promise to pay might well be implied from the acknowledgment, since there would, otherwise, be not much in point in the acknowledgment. But in the instant case the circumstances do not indicate a promise to pay. The Department of the Interior was aware that the claims of employees of the Alaska Road Commission for overtime had

been the subject of much controversy and numerous law suits. See Poggas v. United States, supra; Marr v. United States, 106 F.Supp. 204, 123 Ct.Cl. 474; Andrews v. United States, 115 F.Supp. 901, 126 Ct.Cl. 571. It would have been an extraordinary assumption of authority by the Chief of the Administration Division of the Department of the Interior to promise, on behalf of the Government, to pay claims which the Government was contesting in court on every possible ground. What the writer of the letters was obviously doing was furnishing requested information from the records of the Department, so that the plaintiffs could seek relief elsewhere, in the General Accounting Office or in this court. He may also have, without expressing it, wished them luck in getting over the numerous obstacles which the Government was placing in their way. But the letters did nothing more than give information as to what the Department's records showed.

We do not discuss at length the Government's argument that even if the official who wrote the letters had promised, on behalf of the Government, to pay the amounts shown by the records to be unpaid, the Government would not be bound, because the promise would have been beyond the authority of the official. We think, however, that the Government's contention is correct. See Finn v. United States, 123 U.S. 227, 233, 8 S.Ct. 82, 31 L.Ed. 128. The case of Marr v. United States, supra, involved an acknowledgment and promise to pay by the Comptroller General, who has express statutory authority to settle and adjust all claims and demands by the Government or against it. No other official has that power.

The plaintiffs' petition will be dismissed.

It is so ordered.